# ROSSETT vs. THE STATE.

1. In a criminal prosecution, the only legitimate purpose, for which the accused can introduce evidence to show hostile feelings towards him on the part of a witness for the State, is to impeach his credit; and where, after such witness had testified to commissions by the accused of the offence charged at different times, it is proven that he did *a particular act* to entrap the accused, and thereby to procure additional evidence against him, it is not error in the court to refuse to instruct the jury, that " they might consider it as a circumstance tending to show that the witness had no proof before that time that would convict the defendant."

Error to the Criminal Court of Mobile. Tried before the Hon. John E. Jones.

PHILLIPS, for the plaintiff.

ATTORNEY GENERAL, contra.

DARGAN, J.—The plaintiff in error was indicted for re-tailing spirituous liquors in less quantities than a quart. A witness was examined by the defendant, who stated that one Joseph, who had been examined as a witness on the part of the State, gave him a dime and requested him to go and buy liquor of Rossett, the defendant. Joseph went with the wit-ness to the grocery store of Rossett, and called for spirits.— . Rossett replied that he had none, but if they wanted some, he would go and get it, which he did. After drinking, the wit-ness offered the dime in payment, but the defendant refused to receive pay. It was also shown, that Joseph was displeased with Rossett, and the object of giving the witness the dime and taking the drinks was to entrap him. Joseph had sworn, that he had frequently drank at the store of the defendant and paid for it, before he gave the dime for the purpose aforesaid. Upon this evidence, the defendant requested the court to charge the jury, that if they believed the dime was given by Joseph to the witness for the purpose of entrapping the defendant, they might consider it as a circumstance tending to show that Joseph had no proof before that time that would convict the defendant. This charge the court refused, but certified the question to this court as one novel and difficult.

Although the conduct of Joseph in endeavoring to entrap Rossett, and his feelings of displeasure towards him, were properly admitted as evidence, yet we do not think that the court erred in refusing the charge requested. In criminal prosecutions it is permissible, on the part of the accused, to show that the feelings of the witnesses, who testify for the State, are hostile to him. 1 Greenl. Ev. § 450. Such evidence, however, is permitted to go to the jury, for the sole purpose of impeaching the testimony of the witness who has deposed un-der such a state of feeling, and the jury are the sole judges whether they will give any weight to his testimony, or whe-ther it is entitled to beleif. They are to judge of the testimony tending to prove hostility of feeling, and also how far, or to what extent, this hostility of feeling—if they find a witness has

testified under its influence—shall impeach or destroy his testimony. The charge requested in this case, however, would treat the evidence introduced by the defendant as proof, tending to disprove a particular fact. This was correctly refused. The only legitimate charge that could have been given in reference to this testimony, was that it tended to impeach the credibility of the witness Joseph. This was the purpose for which it was introduced, and for this purpose only was it competent testimony.

The question of the jurisdiction of the Criminal Court of Mobile is not certified to us, nor brought before us by writ of error. We cannot, therefore, examine it.

The judgment must be affirmed.