# John Berney *v.* The State.

*Indictment for Carrying Concealed Weapon.*

1. *Admissibility of evidence.*—Where a showing for a continuance is offered in evidence as a whole, and a part of it is inadmissible, the court is not required to examine it for the purpose of distinguishing the admissible from the inadmissible parts thereof, and of receiving the one and excluding the other, but may, on objection, exclude it entirely.

2. *Same.*—In a prosecution for carrying a concealed pistol, the defense being that the defendant had been threatened with, and had good reason to apprehend, an attack, it is not permissible for him to show, that a person to whom he had spoken of the threat advised him to arm himself.

3. *When conduct leading to arrest and discovery of crime inadmissible.* In such prosecution, disorderly conduct on the part of the defendant, which caused his arrest and led to the discovery of the concealed weapon, is irrelevant and inadmissible against him. While such conduct may have been part of the *res gestæ*, and explanatory of the arrest, yet it had no tendency to prove or disprove the charge against the defendant, but did have a tendency to prejudice the jury unduly against him.

[John Berney v. The State.]

APPEAL from the City Court of Montgomery.

Tried before Hon. T. M. ARRINGTON.

The defendant was indicted, tried and convicted for carrying a pistol concealed about his person. On the trial, the State examined as a witness one Cook, who testified that while on duty as a policeman of the city of Montgomery, he was present at a political meeting held at a public place in said city in the month of November, 1880, and that the defendant was also present; that the defendant's conduct at the meeting was disorderly, and it having a tendency to create a disturbance, he arrested the defendant and found the pistol concealed. The defendant moved to exclude so much of the witness' testimony as related to the defendant's conduct which led to his arrest; but his motion was overruled by the court, and he excepted. The defendant having introduced evidence tending to show that Jesse Chilton had threatened to attack him, offered in evidence a showing for a continuance, which the solicitor admitted before the trial certain absent witnesses would testify to, if present. This showing contained, among other things, a statement of a conversation between the defendant and one Pruitt, his employer, in which, having mentioned the fact that he had been threatened by Chilton, the defendant asked him what to do, and Pruitt, in reply, told him to arm himself, but to be careful to avoid a difficulty, if possible. On objection by the State, the court refused to allow the defendant to introduce the showing, and to this ruling he excepted. The errors assigned are the rulings of the City Court above noted.

JOHN GINDRAT WINTER, for the appellant, cited *Shorter v. The State*, 63 Ala. 129; *Wesley v. The State*, 52 Ala. 182; *Gandy v. Humphries*, 35 Ala. 617; 1 Greenl. on Ev. 139.

H. C. TOMPKINS, Attorney-General, with whom was F. S. FERGUSSON, Solicitor of the Second Judicial Circuit, for the State, cited *Johnson v. The State*, 29 Ala. 62; *Lawson v. The State*, 20 Ala. 65; *Stroud v. The State*, 55 Ala. 77; 1 Brick. Dig. p. 887, § 1202.

BRICKELL, C. J.—The admission made by the solicitor as to the evidence of the absent witnesses, Turner and Pruitt, was offered as a whole. If any part of it was inadmissible, the City Court did not err in excluding it entirely. It was not the duty of the court to examine it, distinguishing the admissible from the inadmissible, receiving the one and excluding the other. 1 Brick. Dig. 887, § 1202. The part of it containing the advice Pruitt gave the defendant when he heard of Chilton's threat and procured the pistol, was irrelevant and should not

[Carson v. The State.]

have been admitted. If the threat the defendant was informed Chilton had made, would have justified carrying the pistol concealed, of itself it afforded the justification, whatever may have been the advice given, or opinion expressed by Pruitt. Whether it was a justification—whether it was a threat of· an attack upon the defendant, or gave the defendant good reason to apprehend an attack, was for the determination of the jury in view of the facts before them. In their determination, they could not be aided or influenced by a consideration of the impression it made on Pruitt, and the opinion or advice he was induced to give the defendant.

The conduct of the defendant at the political meeting, furnishing the cause of his arrest, was irrelevant and ought to have been excluded. It may have been part of the *res gestœ* and explanatory of the arrest, and the arrest may have led to the discovery that he was carrying a pistol concealed about his person. If the main fact in this cause, or if a material fact, was the arrest, that conduct would be so connected with it that evidence of it would be admissible. The main fact in controversy was the carrying of the pistol concealed, under circumstances not warranting it by law. Facts not having a tendency to the proof or disproof of this fact, and especially circumstances having a tendency to prejudice the jury unduly against the accused, ought not to be admitted in evidence.—*State v. Wisdom*, 8 Port. 511; *Campbell v. State*, 23 Ala. 44.

For the error in the admission of this evidence, the judgment must be reversed and the cause remanded; the prisoner remaining in custody until discharged by due course of law.