# Yarbrough *v.* State.

### *Indictment for Carrying Concealed Weapons.*

1. *Cross-examination of witness; when hostility to a party admissible.* As affecting credibility, it is permissible, on cross-examination, to inquire of a witness touching his relations to the parties, or to the subject-matter of controversy, or as to the feelings of sympathy, or partiality, or hostility which he may entertain, or may have expressed towards the party introducing him, or against the party against whom he is introduced; and also to show the degree or extent of such feelings.

2. *Same; when expression of hostility admissible.*—Hence, it is error for the primary court to refuse to allow the defendant in a criminal case to ask, on cross-examination, a witness examined by the State, who had testified that his feelings towards the defendant were unkind, whether he had not said, a short time prior to the trial, to one of defendant's counsel, that he would give $1,000 to send the defendant to the penitentiary.

APPEAL from Lee Circuit Court.

Tried before Hon. H. D. CLAYTON.

Fed Yarbrough, defendant in the court below, was indicted, tried, and convicted for carrying a pistol concealed about his person. On the trial, on cross-examination of a witness examined on behalf of the State, the defendant, after showing by the testimony of the witness that his feelings were unkind to the defendant, asked him whether he had not said, a short time prior to the trial, to one of defendant's counsel, that he would give $1,000 to send the defendant to the penitentiary. To this question the State objected, the objection was sustained, and the defendant excepted. This ruling is here assigned as error.

W. H. BARNES, for appellant, cited *McHugh v. State*, 31 Ala. 317.

H. C. TOMPKINS, Attorney-General, for the State.—(No brief came to the hands of the reporter.)

BRICKELL, C. J.—As affecting credibility, it is permissible, on cross-examination, to inquire of a witness concerning his relations to the parties, or to the subject-matter of controversy, or as to the feelings of sympathy, or partiality, or hostility which he may entertain, or may have expressed towards the

[Burke v. The State.]

party introducing him, or against whom he is introduced. If the witness, as in the present case, admits that he is unfriendly, or that his feelings are not kind to the party against whom he is called, the degree of his unkindness, or want of friendly feeling ought to be made known ,to the jury; for the same credit might not be attached to his testimony, if there was avowed hostility, that could properly attach to it, if there was mere indifference, or a mere absence of kind and friendly feeling. The expression or declaration of hostility, and a willingness to incur pecuniary loss to accomplish the personal disgrace and personal suffering of the party against whom he is testifying, it may be, will cause the jury to pause, before yielding full belief to his evidence. There seems to us no reason for doubt, that the court below erred in refusing to permit the inquiry to be made of the witness, which was embodied in the question propounded.—*Martin v. Martin*, 25 Ala. 201; *McHugh v. State*, 31 Ala. 317; 1 Green. Ev. § 450; 1 Whart. Ev. § 566.

Reversed and remanded.