# Haralson *v.* The State.

### Indictment for Carrying Concealed Weapons.

1. *Impeaching witness by proof of bias or prejudice.*—The prosecutor having admitted, on cross-examination, that he was not friendly to the defendant, and that he had employed counsel to aid in the prosecution, the defendant may ask another witness, "if he had not heard the prosecutor say that he could not give the defendant justice."

FROM the Circuit Court of Chambers.

Tried before the Hon. JAMES W. LAPSLEY.

WM. H. BARNES, for the appellant.

THOS. N. McCLELLAN, Attorney-General, for the State, cited *Fincher v. State*, 58 Ala. 215 ; *Atwell v. State*, 63 Ala. 65 ; *McHugh v. State*, 31 Ala. 317 ; *Dabney v. Mitchell*, 66 Ala. 495.

SOMERVILLE, J.—The defendant in this case was tried and convicted of carrying a pistol concealed about his person. The prosecutor, Johnson, having been introduced as a witness, had testified, among other things, that he was not friendly to the defendant, and that he had employed counsel to aid in the prosecution of this case. Another witness was subsequently introduced, to whom the defendant propounded the question, "Whether he had not heard Johnson, the prosecutor, say that he could not give the defendant justice." Upon objection by the State, this question was excluded by the court, and the witness was not allowed to answer it. The question, we think, should have been allowed, and its exclusion was error. It tended to corroborate the admission of the prosecutor that he entertained unfriendly feelings towards the defendant, of so hostile a character as to bias his testimony. It may, if answered affirmatively, have disclosed a fact which affected the credit of the witness in this particular case. The purpose was not to impeach the prosecutor by proof that he

[Goulding v. The State.]

had made a statement out of court contrary to what he testified at the trial. This could not be done without first having laid the necessary predicate by asking him as to the time, place and person involved in the alleged contradiction. The evidence offered does not fall within the requirements of this principle. The *fact*, responsive to and disclosed by the answer, could clearly have been proved by the prosecutor; and why not, therefore, by any other competent witness? It would have been competent, of course, to permit the prosecutor to be re-examined for the purpose of explaining, or denying the declaration attributed to him. *Yarbrough v. State*, 71 Ala. 376; *Burke v. State*, 71 Ala. 377; *Bullard v. Lambert*, 40 Ala. 204.

The other rulings of the court are free from error, as apparent from principles often settled.

The judgment is reversed, and the cause remanded. The defendant, in the meanwhile, will be retained in custody until discharged by due process of law.