[Barker v. The State.]

126    83
135    58
120    83
139    135

# Barker *v.* The State.

## *Indctment for Carrying Concealed Weapons.*

1. *Carrying concealed weapons; not admissible for defendant to testify as to his intention.*—On a trial under an indictment for carrying concealed weapons, it is not competent for a defendant, upon being examined as a witness in his own behalf, to testify that he did not intend to conceal the weapon at the time designated by the State's witness.

2. *Same; admissibility in evidence.*—In a prosecution for carrying concealed weapons, where the defense is that the defendant had been threatened with bodily harm and had good reason to apprehend an attack, it is not admissible for him to show that upon a person communicating such threat to him, said person advised him to arm himself.

3. *Same; apprehension of attack.*—Good reason to apprehend an attack does not give one the absolute and unqualified right to carry a weapon concealed about his person; and on a trial under an indictment for carrying concealed weapons, a charge which predicates the defendant's right of acquittal upon his having been notified of threats of personal violence being made against him, and his having good reason to apprehend an attack from such person, is erroneous and properly refused.

4. *Same; charge as to apprehension of attack.*—In a prosecution for carrying concealed weapons, where the defense interposed is that the life of defendant, who was a negro, had been threatened and that he had reason to apprehend an attack, a charge which instructs the jury that "It is as much the duty of the jury to acquit the defendant if they believe from all the evidence he had good reason to apprehend an attack, as it would be their duty to acquit the most respectable white man," is properly refused as being argumentative.

5. *Same; charge as to knowingly and intentionally carrying concealed weapons.*—In a prosecution for carrying concealed weapons, it is not necessary for conviction that the defendant should intentionally or willfully and knowingly have carried a pistol concealed about his person; and charges which predicate the defendant's acquittal upon the jury having a reasonable doubt as to whether the defendant intended to carry, or

willfully and knowingly carried, a weapon concealed about
his person, are erroneous and properly refused.

6. *Same; general charge of the court.*—In a criminal prosecution,
where there is a palpable contradiction of the State's evidence
by the defendant, who testified as a witness in his own behalf,
it is error for the court in his oral instruction to the jury, to
charge them *ex mero motu* "that the defendant does not con-
trovert the evidence for the State."

APPEAL from the County Court of Morgan.

Tried before the Hon. WILLIAM E. SKEGGS.

The appellant, Porter Barker, a negro, was indicted,
tried and convicted for carrying a pistol concealed about
his person.

On the trial of the case, the State introduced evidence
tending to show that the defendant, at the certain desig-
nated time and place, had concealed about his person a
pistol.

The defendant introduced evidence tending to show
that a certain named person had threatened to kill him;
that these threats had been communicated to the defend-
ant, and that it was for this reason that he was carrying
the pistol; but the defendant and one or two of his wit-
nesses testified that at the time designated by the State's
witness, he did not have a pistol concealed.

One of the defendant's witnesses, after testifying that
he had communicated to the defendant a threat against
his life made by Nathan Reeves, further testified that
he, the witness, advised the defendant to arm himself.
The State, by its solicitor, objected to the statements
made by the witness that he advised the defendant to
arm himself, and moved to exclude the same from the
jury. The objection was sustained, and such state-
ment was excluded. To this ruling the defendant ex-
cepted.

After the defendant, who was examined as a witness
in his own behalf, had testified that upon the day desig-
nated by the witness he did not conceal the pistol which
he carried and was particular not to conceal the same,
he was then asked by his attorney, "If he intended to
conceal either of the pistols carried by him on the day

he was charged with carrying them?" The State objected to this question, the court sustained the objection, and the defendant duly excepted.

The court in its general charge, among other things instructed the jury as follows: "I charge you, gentlemen of the jury, that the defendant does not controvert the evidence for the State." The defendant separately excepted to this portion of the court's general charge, and also separately excepted to the court's refusal to give each of the following charges requested by him: (1.) "I charge you, gentlemen of the jury, that if you believe from the evidence that the defendant had been informed from a reliable source that Nathan Reeves had made threats of personal violence on defendant and defendant had good reason to apprehend an attack on his person from this source, then he had a right to carry a pistol concealed about his person." (2.) "It is as much the duty of the jury to acquit the defendant if they believe from all the evidence he has good reason to apprehend an attack, as it would be their duty to acquit the most respectable white man." (3.) "Before the jury can convict the defendant they must be satisfied beyond a reasonable doubt that defendant knowingly and willingly carried a pistol concealed about his person within twelve months before the finding of the indictment and in Morgan county." (4.) "If the jury believe from the evidence that defendant did not intend to conceal the pistol or pistols alleged to have been concealed, but intended to carry it or them so that they could be seen, then it is the duty of the jury to acquit him."

No counsel marked as appearing for appellant.

CHAS. G. BROWN, Attorney-General, for the State. Defendant cannot prove that he had been advised to arm himself.—*Berney v. State*, 69 Ala. 233.

As to what will constitute concealment, see *Driggers v. State*, 123 Ala. 46; *Ramsey v. State*, 91 Ala. 29; *Farley v. State*, 72 Ala. 170. The act being continuous, evidence tending to show concealment at more than one time and place is admissible.—*Ladd v. State*, 92 Ala. 58; *Dean v. State*, 98 Ala. 71.

DOWDELL, J.—It is not permissible for a defendant when examined as a witness in his own behalf to testify as to his intention or motive for doing an act. This principle is too well settled in this State to admit of controversy. The trial court very properly sustained the State's objection to this testimony.

Nor is it permissible on a charge for carrying concealed weapons, for the defendant to prove that he had been advised to arm himself.—*Berney v. State*, 69 Ala. 233.

Good reason to apprehend an attack does not give to the defendant the absolute and unqualified right to carry a weapon concealed about his person. The extent of the statute is, that he may give this fact in evidence, which the jury are authorized to "consider in mitigation of the punishment, or justification of the offense."—Code, 1896, § 4420.

Charge 1 requested by the defendant was erroneous in asserting that the defendant had the right upon the facts postulated to carry the pistol concealed. If he had the right to so carry it, then the jury would have no discretion as to considering the fact in mitigation of punishment, but should acquit him.

Charge 2 requested by the defendant is argumentative and was properly refused.

It is not a question of intention, or that the defendant willfully and knowingly carried the pistol concealed about his person. An indifferent, thoughtless, or careless carrying of a weapon concealed about one's person would be a violation of the statute. Written charges 3 and 4 were misleading, and no error was committed in their refusal.

The court, in its oral instructions to the jury, *ex mero motu*, charged "that the defendant does not controvert the evidence for the State." This was excepted to by the defendant. As disclosed by the bill of exceptions there was a palpable contradiction of the State's evidence, by the defendant testifying in his own behalf. The evidence for the State showed a concealment, while the defendant testified that the pistol or pistols were

not concealed. In this part of the oral charge the court
erred, and for this error the judgment must be reversed
and the cause remanded.

Reversed and remanded.