# Gainey *v.* The State.

*Prosecution for Carrying Concealed Weapons.*

1. *Carrying concealed weapons; the fact of defendant's being drunk irrelevant.*—On a trial of a defendant charged with carrying a pistol concealed about his person, it is not competent for the state to ask one of its witnesses who had testified to having seen the defendant with a pistol concealed on his person, as to whether or not the defendant was drunk or sober at the time he had said pistol; such question calling for evidence irrelevant and immaterial to any issue in the case.

2. *Same; same; as to circumstances of difficulty inadmissible.*—While on the trial of a defendant for carrying a pistol concealed about his person, it is competent for him, on the cross-

[Gainey v. The State.]

examination of a State's witness who had testified to his having carried the pistol concealed, to ask said witness if he had not been convicted for assaulting the defendant with a gun at the time inquired about, yet it is not competent for the State, on the rebuttal examination of said witness, to prove the particulars of the difficulty which occurred at the time of the assault.

3. *Reasonable doubt; charge in reference thereto.*—In the trial of a criminal case, a charge asserts a correct proposition, and should be given at the written request of the defendant, which instructs the jury that "if there is a reasonable probability of defendant's innocence, then this is a just foundation for a reasonable doubt, and authorizes an acquittal."

APPEAL from the County Court of Geneva.

Tried before the Hon. P. N. HICKMAN.

The appellant in this case, George Gainey, was prosecuted and convicted for carrying a pistol concealed about his person. The facts of the case, necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

W. O. MULKEY, for appellant.—The charge requested by the defendant should have been given.—*Bain v. State,* 74 Ala. 38; *Winslow v. State,* 76 Ala. 42; *Smith v. State,* 92 Ala. 30; *Croft v. State,* 95 Ala. 3; *Whitaker v. State,* 106 Ala. 35; *Churchwell v. State,* 117 Ala. 127.

The State should not have been allowed to prove whether the defendant was drunk or sober at the time he was alleged to have carried the pistol concealed about his person. Such evidence could serve no purpose other than to prejudice the mind of the jury against the defendant.—*Berney v. State,* 69 Ala. 233.

MASSEY WILSON, Attorney General, For the State. It was competent for the State to show that the defendant was drunk at the time he had a pistol concealed. The conduct and demeanor of the defendant is always a proper subject of proof.—*Blount v. The State,* 49 Ala. 381, 384. The defendant having asked the witness Sykes whether he had been convicted of an assault on the defendant which occurred at the time of the commission of the offense in question, and the witness having

answered the question in the affirmative, it was proper for the State then to call for the details of the assault. *Williams v. The State,* 103 Ala. 33.

HARALSON, J.—The witness for the State, Sykes, testified that at a particular time and place he saw the defendant with a pistol concealed on his person. The solicitor asked the witness: "At the time you saw the pistol, what was the defendant's condition as to being drunk or sober?" The defendant objected to the question as calling for evidence irrelevant and immaterial to the issue in the cause. The court overruled the objection and allowed the witness to answer that he was drunk. The fact that defendant was drunk on the occasion referred to, had no tendency to prove the charge against him, but it did have the tendency to prejudice the jury unduly against him.—*Berney v. State,* 69 Ala. 233.

On his cross-examination by defendant, this witness was asked, if he had not been convicted for assaulting the defendant with a gun at the same time (that he stated he saw him with the pistol concealed), and he answered that he had been. The solicitor then asked the witness to state what took place then and there. The court overruled an objection to the question and defendant excepted. The witness answered that the defendant cursed him, and put his hand in his pocket and took hold of the pistol, or made as if he would (do so), and witness at this time saw the pistol, and struck defendant with a gun, and thereupon, several other persons took defendant off. The purpose of the question by the defendant to the witness, was to show the bias of the witness against defendant. This did not give the State the right to call for the particulars of the difficulty which occurred at the time of the assault, which was irrelevant and immaterial to the issue in the case—that of defendant carrying a pistol concealed about his person.

It is familiar that a probability of innocence, is the equivalent of a reasonable doubt and requires the ac-

quittal of defendant.—*Whitaker v. State,* 106 Ala. 35; *Shaw v. State,* 125 Ala. 81.

The defendant requested the court to charge, "If there is a reasonable probability of defendant's innocence, then this is a just foundation for a reasonable doubt, and authorizes an acquittal." This charge was free from fault and should have been given.—*Mims v. State,* 37 So. Rep. 354.

Reversed and remanded.