# Cook *v*. The State.

## *Carrying Concealed Weapon.*

(Decided July 2, 1907.  44 South. 549.)

1. *Weapons; Concealed Weapons; Evidence.*—The details of the difficulty in connection with which the alleged weapon was shown and later again concealed, were irrelevant and not competent evidence on the issues presented.

2. *Appeal; Prejudicial Error; Evidence.*—If it was error to admit evidence of the death of a person present on the occasion when it was alleged that the defendant carried a concealed weapon, it was not prejudicial.

3. *Witnesses; Bias.*—It is competent to show unfriendly feeling, prejudice or bias on the part of a witness towards either party to the proceeding.

4. *Trial; Argument of Counsel.*—The statement by the Solicitor in argument that one witness should be believed in preference to another because the predicate laid to the witness put in his mouth what to testify to, was legitimate.

APPEAL from Henry Circuit Court.

Heard before Hon. H. A. PEARCE.

Stovall Cook was convicted of carrying a concealed weapon, and he appeals. Reversed and remanded.

Upon the trial the state was permitted to show over the objection of the defendant that defendant and a state's witness had a difficulty along the public road, that in said difficulty defendant drew his knife on witness, and that witness went for a stick and defendant put up his knife and took his pistol out of his pocket, and that witness did not see the pistol until he took it out of his pocket. Some question was asked him concerning the land suit between defendant and state's witness and the ill will growing therefrom. On redirect the solicitor asked the witness, over the objection of plaintiff, if he did not stop the defendant to talk to him about

[Cook v. The State.]

defendant's having carried or decoyed witness' boy off to Georgia. Impeaching witnesses were introduced as to the state's witness Cook, and testified that he had made certain statements, which he had denied having made while being examined as a witness. The witness was then asked, over the objection of defendant, if Lewis Williams was dead. It was later developed that said Williams was a short distance off at the time the diffi-- culty occurred between defendant and the state's wit- ness at the time it was alleged the pistol was drawn. In his argument to the jury the solicitor said: "The negro Will Anderson should not be believed in preference to the witness Joe Cook, because the predicate laid to An- derson put in his mouth what to testify to." The de- fendant was convicted, and appeals.

W. L. LEE, for appellant.—Evidence of the details of the former difficulty was clearly inadmissible.—*Dean v. The State*, 98 Ala. 71; *Gainey v. The State*, 141 Ala. 74; *Hainey v. The State*, 41 South. 968. The remarks of the solicitor were improper and prejudicial.—*Lane v. The State*, 85 Ala. 11; *Childress v. The State*, 86 Ala. 86; *Cross v. The State*, 68 Ala. 476; *Coleman v. The State*, 87 Ala. 14; *Florence Cotton Mills v. Fields*, 104 Ala. 473; *DuBose v. The State*, 42 South. 863.

ALEXANDER M. GARBER, Attorney General, for the State.—No brief came to the Reporter.

McCLELLAN, J.—The defendant was convicted of the offense of carrying a concealed weapon. Over objec- tion, the state was permitted to elicit from its witness the details of a difficulty in connection with which the alleged concealed weapon was shown and later again concealed. This was error to reversal.—*Gainey's Case*. 141 Ala. 72, 37 South. 355.

There is no merit in the other exceptions reserved. The simple proof of the death of a person present on the occasion in question could not possibly have resulted in injury to defendant. Nor was the testimony, the purpose of which was to show bias, prejudice, or unfriendly state of feeling on the part of the witness testifying for the state, improperly admitted. The remarks of the solicitor were within the limits of legitimate advocacy.

For the error indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON, DOWDELL, SIMPSON, and ANDERSON, JJ., concur.