(84 South. 777)

BYRD v. STATE. (1 Div. 342.)

(Court of Appeals of Alabama. Jan. 13, 1920.)

1. WITNESSES ☞372(2)—EXCLUDING CROSS-EXAMINATION AS TO FRIENDSHIP WITH ASSAULTED PARTY IS ERROR.

In prosecution for assault and battery, it was error to exclude cross-examination of a witness for the state as to his friendship with the assaulted party, which was a matter tending to show his bias or prejudice, and was admissible as affecting his credibility.

2. CRIMINAL LAW ☞387—WITNESSES ☞37(5)—ONLY WITNESS PRESENT WHEN ALLEGED THREATS WERE MADE CAN GIVE NEGATIVE TESTIMONY.

In a prosecution for assault and battery, where a witness testified to threats by the assaulted party, it was error to admit evidence by a witness, not shown to have been present when the threats were made, that he heard no such threats, but it was proper to admit testimony of others, who the defendant's witness stated were present, that they heard no threats.

3. CRIMINAL LAW ☞1186(4) — ADMITTING TESTIMONY NOT AFFECTING SUBSTANTIAL RIGHTS OF DEFENDANT NOT PREJUDICIAL.

In prosecution for assault and battery, error, if any, in permitting a witness to testify in rebuttal for the state as to the amount of money found on the assaulted person could not affect the substantial rights of the defendant, so that the court will not be put in error for such ruling under Supreme Court rule 45 (175 Ala. xxi, 61 South. ix).

4. CRIMINAL LAW ☞757(7)—REQUESTED INSTRUCTION AS TO WITNESS TESTIFYING FALSITY HELD INVASION OF PROVINCE OF JURY.

A charge requested by accused that if the jury believed that a named witness had willfully sworn falsely to material facts they might disregard his evidence entirely was properly refused, as an invasion of the province of the jury.

5. CRIMINAL LAW ☞829(1)—REQUEST, SUBSTANTIALLY COVERED BY CHARGE, NEED NOT BE GIVEN.

It is not error to refuse charges requested by accused, asserting correct propositions of law which were fairly and substantially covered by the oral charge.

6. ASSAULT AND BATTERY ☞96(1)—CHARGE DEFINING QUARRELSOME PERSON HELD CORRECT.

In a prosecution for assault and battery, oral charge that the jury should consider testimony as to character of the assaulted person in determining whether he was violent, turbulent, and bloodthirsty, but that the law does not mean a man who fights fair on sufficient provocation, but one who takes advantage, is quarrelsome, or does not fight fair, was correct.

Appeal from Circuit Court, Monroe County; Ben D. Turner, Judge.

John Byrd was convicted of an assault and battery upon the person of Dr. Roberts. He appeals. Reversed and remanded.

The objections to evidence sufficiently appear from the opinion of the court.

The following charges were accused to the defendant:

(3) If the jury believe from the evidence that the witness John Godwin has willfully or corruptly sworn falsely to any material facts in evidence, then the jury may, in its discre-

tion, disregard such evidence of such witness entirely.

(17) Under the facts in this case the defendant was not required, under the law, to retreat.

(20) It is your duty to take into consideration the interests of Dr. Roberts in weighing his testimony.

The following is the oral charge of the court objected to:

Witnesses have testified as to the character of Dr. Roberts, and it is for you to consider their testimony, what they say about Dr. Roberts, in determining whether his character is that of a violent, turbulent, bloodthirsty character. But I believe the law does not mean a man who will fight fair on sufficient provocation, but it means a man who will take advantage, who is hunting for another, quarrelsome, who will not fight fair.

Hybart, Hare & Ratcliffe, of Monroeville, for appellant.

It was competent to inquire as to the relationship between Dr. Roberts and Wherry Owen. 13 Ala. App. 61, 69 South. 319; 13 Ala. App. 115, 69 South. 370; 40 Cyc. 2489. The court erred in permitting Marshall Wright to testify that he heard no threats. 27 Ala. 518; 40 Cyc. 2788. The court should have given charge 3, requested by defendant. 107 Ala. 26, 18 South. 238; 117 Ala. 140, 23 South. 653.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The testimony objected to was relevant. 170 Ala. 5, 54 South. 111. Counsel discuss other assignments, but without further citation of authority.

BRICKEN, P. J. [1] The first insistence of error on this appeal is well taken, necessitating a reversal of the judgment of conviction in the lower court. On cross-examination of state witness Wherry Owen, the defendant undertook to show that the witness and Dr. Roberts, the injured party, were very friendly, the question asked witness was "if he and Dr. Roberts were lifelong friends." The court sustained the objection of the solicitor to this question and in so doing committed error to a reversal. The fact that the witness and the injured party were friendly, or "lifelong friends" was material and admissible as a circumstance to show bias on the part of the witness. The feeling, bias, and friendly relations of the witness toward either party is not collateral, and it has been repeatedly held that the fact a witness manifests bias or partiality for the party who calls him is proper matter for the consideration of the jury in estimating the value of his testimony, and the general rule is that on cross-examination of a witness any fact may be elicited which tends to show such bias or partiality, and

if the witness denies the facts showing the bias, the cross-examining party may call other witnesses to contradict him. Bullington v. State, 13 Ala. App. 61, 69 South. 319; Terry v. State, 13 Ala. App. 115, 69 South. 370; Haralson v. State, 82 Ala. 47, 2 South. 765; Cook v. State, 152 Ala. 66, 44 South. 549; Gainey v. State, 141 Ala. 72, 37 South. 355; Rossett v. State, 16 Ala. 362; 1 Greenleaf, Ev. § 450; Underhill on Cr. Ev. § 222; Johnson v. State, 199 Ala. 255, 74 South. 366.

[2] Joe Byrd, defendant's witness, testified as to threats against defendant made by Dr. Roberts at Chapman's mill some time previous to the difficulty here in question, and over the objection of the defendant the court permitted the state witness Marshall Wright to testify that he heard no such threats. It was not shown that the witness Marshall Wright was present at the time and place where said threats were made by Dr. Roberts as testified to by witness Joe Byrd, and for this reason the court erred in overruling the objection interposed by defendant. The rule is that evidence which has no direct tendency to contradict a witness is not admissible; and so a witness who testifies positively as to a certain fact cannot be contradicted by testimony of another witness that he did not know of such fact, in the absence of any showing that the latter witness would have been cognizant of the fact if it had existed. There is no merit in the contention that the court erred in allowing state witnesses Charley Covan and Fletcher Robinson to testify, over the objection of the defendant, that they did not hear Dr. Roberts, the party assaulted, make the statement relative to defendant, as testified to by defendant's witness Ed. Wright, for this witness testified that these two witnesses were present, and that "they were right there close," at the very time the statement was alleged to have been made; it thus appearing that witnesses Covan and Robinson had the same opportunity of hearing such statement as did the witness Ed. Wright, if in fact such statement was made by Dr. Roberts, making it clearly a question for the jury.

[3] The error, if error there was, in permitting Dr. Will Roberts to testify in rebuttal for state as to the amount of money that was found upon his brother's person is not such as would affect the substantial rights of the defendant, nor was such testimony materially prejudicial to the rights of the defendant; hence the court will not be put in error for this ruling. Sup. Ct. rule 45 (175 Ala. xxi, 61 South. ix).

[4, 5] Three written charges were refused to the defendant. By its terms refused charge 17 was a clear invasion of the province of the jury. Refused charges 3 and 20, while asserting correct propositions of

law, were fairly and substantially covered by the oral charge of the court.

[6] The instructions given by the court in its oral charge, to which exception was reserved, appears to have been authorized under Cleveland v. State, 86 Ala. 1, 5 South. 426.

For the errors pointed out the judgment of the lower court is reversed, and the cause is remanded.

Reversed and remanded.