(88 South. 376)

## TAPSCOTT v. STATE. (8 Div. 776.)

(Court of Appeals of Alabama. Feb. 15, 1921.)

1. Witnesses ⟨key⟩337(6) — Cross-examination of defendant as to previous violation of prohibition law reversible error.

In prosecution for violation of the prohibition law, cross-examination of defendant as to whether on a former occasion he had been convicted of the offense of violating the prohibition law *held* ground for reversal.

2. Witnesses ⟨key⟩367(1) — Cross-examination of state's witness as to his pecuniary interest in defendant's conviction proper.

In a prosecution for violation of the prohibition law, refusal to permit defendant to show on the cross-examination of a witness for the state that the witness had a pecuniary interest in the conviction of the defendant *held* error; such testimony being admissible to show the bias of witness as affecting his credibility.

3. Witnesses ⟨key⟩372(1, 3)—Facts showing bias may be elicited on cross-examination, but testimony may be contradicted.

Generally on cross-examination of a witness any fact may be elicited which tends to show bias or partiality, and if the witness denies the facts showing the bias, the cross-examining party may call other witnesses to contradict him.

4. Witnesses ⟨key⟩367(1) — That witness had been active in reporting other parties claimed to have been guilty of similar offenses, immaterial.

In prosecution for violation of the Prohibition Law, testimony that a witness for the state had been active in reporting other parties claimed to have been guilty of similar offenses *held* inadmissible; such fact being immaterial.

5. Witnesses ⟨key⟩352—Cannot be impeached by testimony that witnesses attacked veracity during a previous trial.

In prosecution for violation of Prohibition Law, testimony that a witness for the state had been impeached at a previous term of the court by witnesses who swore that they would not believe such witness on oath *held* inadmissible, since the witness could only be impeached by a showing in the pending trial by competent and qualified witnesses that he was a man of such general bad character that he could not be believed on oath in a court of justice.

Appeal from Morgan County Court; W. T. Lowe, Judge.

John Tapscott was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

C. L. Price, of Albany, for appellant.

The court erred in not permitting the questions addressed to the witness Waugh. 108 Ala. 233, 19 South. 309; 133 Ala. 203, 32 South. 268. 3 Enc. of Evidence, 768–772. Counsel discuss other assignments of error, but without further citation of authority.

J. Q. Smith, Atty. Gen., for the State.

No brief came to the Reporter.

BRICKEN, P. J. [1] On cross-examination of the defendant, and over his objection and exception, he was required to testify that on a former occasion he had been convicted of the offense of violating the prohibition law. This was error, as expressly held in the following cases, under authority of which the judgment of conviction must be reversed and the cause remanded: Schroeder v. State, 84 South. 309;[1] Frank Lyles v. State, 88 South. 375;[2] Willingham v. State, 10 Ala. App. 161, 64 South. 544; Abrams v. State, 84 South. 862;[3] Pippin v. State, 197 Ala. 613, 73 South. 340; Fuller v. State, 147 Ala. 37, 41 South. 774; Moore v. State, 10 Ala. App. 179, 64 South. 520.

[2, 3] There was also error in the ruling of the court in declining to permit the defendant to show by state witness T. C. Waugh on his cross-examination that he had a pecuniary interest in the conviction of this defendant. This was permissible in order to show bias or the interest of the witness, so that his testimony could be weighed and considered by the jury in the light of such bias or interest, if such existed. The general rule is that on cross-examination of a witness any fact may be elicited which tends to show bias or partiality, and if the witness denies the facts showing the bias, the cross-examining party may call other witnesses to contradict him. Bullington v. State, 13 Ala. App. 61, 69 South. 319; Terry v. State, 13 Ala. App. 115, 69 South. 370; Haralson v. State, 82 Ala. 47, 2 South. 765; Cook v. State, 152 Ala. 66, 44 South. 549; Gainey v. State, 141 Ala. 72, 37 South. 355; Rossett v. State, 16 Ala. 362; 1 Greenleaf, Ev. § 450; Underhill on Cr. Ev. § 222;

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 17 Ala. App. 246.     [2] Ante, p. 62.     [3] 17 Ala. App. 379.

Johnson v. State, 199 Ala. 255, 74 South. 366.

[4, 5] Other rulings of the court upon the testimony appear to be without error. It was immaterial whether or not the witness Waugh had been active in reporting other parties claimed to have been guilty of similar ·offenses with which this defendant was charged. And the fact that said witness had heretofore been impeached in that court, or that at the last term thereof several parties swore that they would not believe this witness on oath, was incompetent and inadmissible. A witness cannot be impeached by this method, and if the defendant sought to impeach the witness Waugh by showing that he was a man of such general bad character as that he could not be believed on oath in a court of justice, it was necessary to produce witnesses in court on the trial then pending who were competent and qualified to testify to such facts.

There was no error in refusing the general affirmative charge requested by defendant.

Reversed and remanded.

_____

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes