## WATSON v. STATE. (5 Div. 463.)

(Court of Appeals of Alabama. June 12, 1923.)

1. **Criminal law ⊂⊃742(1)—Whether witness in murder case referred to deceased in making certain remarks held for jury.**

In a prosecution for murder by shooting on a public road, where a witness in front of whose house the shooting occurred had stated that he was not talking about deceased at the time he passed the house, and the state introduced evidence that he was heard to say, "There goes the old bear now," whether the witness in making such statement was referring to deceased *held* for the jury.

2. **Witnesses ⊂⊃370(6)—Questions tending to show bias of witness against deceased held competent.**

In a murder prosecution, where deceased had been shot in a public road outside the house of a witness who had stated that he had not manifested more interest in the case than being a witness, a question whether he had not said as deceased passed, "There goes the old bear now," was competent to show the bias of the witness against deceased.

3. **Criminal law ⊂⊃742(1)—Whether witness for defendant made certain statements relative to deceased showing bias held for jury.**

In a prosecution for murder, where the shooting took place in a public road outside the house of a witness for defendant, who stated that he was not interested in the case, and who denied that, as deceased passed his house, he said "There goes the old bear now," which statement was contradicted, it was for the jury to determine whether or not he made the alleged statement, and whether it showed bias or prejudice towards deceased.

4. **Witnesses ⊂⊃372(3)—State could contradict denial by defendant's witness that he had made certain statements tending to show prejudice against deceased.**

In a prosecution for murder by shooting, where a witness in front of whose house the shooting had occurred had denied that as deceased passed his house he said, "There goes the old bear now," it was permissible for the state to call another witness to contradict him; the evidence being admissible as showing prejudice of the witness against deceased.

5. **Criminal law ⊂⊃757(7)—Charge as to credibility of witnesses held defective as invading province of jury.**

In a prosecution for murder, a charge that, if the jury believed "from the evidence that any witness has willfully or corruptly sworn falsely to any material fact, then the jury must disregard the testimony of such witness entirely," *held* properly refused as invading the province of the jury.

Appeal from Circuit Court, Lee County; S. L. Brewer, Judge.

Eugene Watson was convicted of manslaughter in the first degree, and appeals. Affirmed.

This charge was requested by and refused to the defendant:

"The court charges the jury that, if they believe from the evidence that any witness has willfully or corruptly sworn falsely to any material fact, then the jury must disregard the testimony of such witness entirely."

F. M. de Graffenried, of Seale, and Barnes & Walker, of Opelika, for appellant.

To impeach a witness by showing contrary statements made out of court, the contradiction must be on a material point. Crawford v. State, 112 Ala. 1, 21 South. 214; Morrow v. Campbell, 118 Ala. 330, 24 South. 852; Parnell v. State, 129 Ala. 6, 29 South. 860; Sou. Ry. v. Dickens, 161 Ala. 144, 49 South. 766.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The bias of a witness against a party may be shown; and if it involves statements made by the witness, and denied by him, other witnesses may be offered to show he did make the statements. 12 Mich. Ala. Dig. 1276; 14 Mich. Ala. Dig. 1167; McHugh v. State, 31 Ala. 318; Henry v. State, 79 Ala. 42; Sexton v. State, 13 Ala. App. 84, 69 South. 341; Terry v. State, 13 Ala. App. 115, 69 South. 370.

FOSTER, J. The defendant, appellant, was tried for murder and convicted of manslaughter in the first degree.

The evidence showed that on July 2, 1922, the defendant killed Merrill Clements by shooting him with a pistol; that the difficulty took place in a public road near Ridge Grove Church, in Lee county, and near the home of one Forney Fincher; that a short time before the fatal difficulty the deceased passed the house of the said Fincher, going along the public road in the direction of the church; that shortly thereafter the said Fincher, in company with certain persons who were at his home, went down the same public road in the direction of the church. The difficulty occurred in the road between Fincher's house and the church. There was evidence for the state tending to show that the defendant was the aggressor. There was evidence for the defendant that he shot in self-defense. The said Fincher was a witness for defendant. On cross-examination he stated that he had not manifested more interest in the case than being a witness. He also stated that he was not talking about the deceased, Merrill Clements, at the time he passed the house of witness, or just previous to that time. Counsel for the state asked the witness if there at his (witness') home,

in the presence of the defendant and other persons (naming them), he did not say, as 'Merrill Clements passed, "There goes the old bear now." Over the objection of the defendant the court permitted the question, and the witness answered, "No, sir; I didn't." In rebuttal counsel for the state asked one Leonard, a witness for the state, whether or not he heard Forney Fincher say there in that party at that time, as Merrill Clements approached or was passing, "There goes the old bear now," referring to the time the deceased was passing Fincher's house a short time before the fatal shooting. Timely objection to the question was interposed by the defendant, the court overruled the objection, and the witness answered, "Yes, sir." The court overruled the defendant's motion to exclude the answer, the court at the time stating: "It is relevant as affecting the credibility of the witness Forney Fincher."

[1] It is contended by counsel for appellant that there was no evidence that Fincher in making said alleged statement was referring to the deceased. The deceased was approaching or passing the witness' home at the time it was alleged the statement was made, and it was for the jury to determine whether the statement had reference to the deceased. Jones v. State, 76 Ala. 14. Counsel for appellant insist that, if the jury might draw this inference, the statement was immaterial to any issue in the case, and that the witness could not be contradicted on an immaterial matter.

In Morris v. State (Ala. Sup.) 39 South. 608, it is said:

"It was competent for the state to show a bad state of feeling on the part of the witness John Morris. Sr., towards the deceased, as tending to show bias on the part of the witness. The questions asked him with respect to his declarations, made in the presence of Mrs. A. J. Gresham and Mrs. Price, were properly allowed; and, on his denial of having made them, proof by those witnesses that he made the declarations was properly allowed, as the declarations implied a bad or a revengeful feeling."

And in Whitsett et al. v. Belue et al., 172 Ala. 257, 54 South. 677, it is held that, although it might otherwise be immaterial, great latitude is allowed on cross-examination to show any circumstance tending to show bias or interest which might influence the testimony of a witness.

Much latitude must be allowed on cross-examination, and much must be intrusted to the enlightened discretion of the presiding judge. Any testimony tending to show bias or partiality of the witness to the party in whose behalf he has testified is admissible. Burger v. State, 83 Ala. 36, 3 South. 319. "The feelings, bias and relationship of the witness are never collateral. A witness may be interrogated on cross-examination as to

his interest, bias or prejudice." If the witness answers questions as to his interest or bias in the negative, the contrary fact may be shown by the evidence of others. Underhill on Crim. Ev. § 222, p. 405.

Hostility or favor, or any other form of bias, in a witness for or against either party may be shown by competent evidence. 2 Encyc. of Ev. p. 408.

In State v. Merriman, 34 S. C. 16, 12 S. E. 619, it was held that—

"it may be shown on cross-examination or by witnesses that witness had declared that deceased could be spared better than any other man in the community."

"The power of cross-examination has been justly said to be one of the principal, as it certainly is one of the most efficacious, tests, which the law has devised for the discovery of the truth. By means of it the situation of the witness with respect to the parties, and to the subject of litigation, his interest, his motives, his inclination and prejudice, his means of obtaining a correct and certain knowledge of the facts to which he bears testimony, the manner in which he has used those means, his powers of discernment, memory and description are all fully investigated and ascertained, and submitted to the consideration of the jury, before whom he has testified, and who have thus had an opportunity of observing his demeanor, and determining the just weight and value of his testimony. It is not easy for a witness, who is subjected to this test, to impose on a court or jury; for, however artful the fabrication of falsehood may be, it cannot embrace all the circumstances to which a cross-examination may be extended." 1 Greenleaf on Ev. § 446, p. 572.

In Cox v. State, 162 Ala. 68, 50 South. 399:

"A wider latitude is allowable on the cross than upon the direct examination of a witness. It is permissible upon a cross-examination, for the purpose of testing the memory, sincerity, etc., of the witness, to interrogate him as to matters wholly irrelevant to the issue in the case. The latitude and extent of such cross-examination, however, is a matter that must, of necessity, rest largely, if not exclusively, within the sound discretion of the trial court, and, so long as that discretion is not abused, the action of the trial court will not be revised on appeal."

"This court is committed to the doctrine that the trial court will not be reversed, except in an extreme case of abuse of this discretion, for permitting the cross-examination of a witness on irrelevant and immaterial matters, to test his memory or accuracy, credibility, interest, or sincerity; interpreting the tendency of modern practice to be favorable to great latitude in this regard. Ex parte State, In re Johnson v. State, 199 Ala. 256; Marler v. State, 68 Ala. 580; Cox v. State, supra; Ingram v. State, 67 Ala. 67; Burger v. State, 83 Ala. 36, 3 So. 319; Lowman v. State, 161 Ala. 47, 50 So. 43."

"The general rule is that anything tending to show bias or prejudice on the part of a witness or anything which shows his friendship or

enmity to either of the parties is commonly a proper subject of inquiry." 3 Encyc. of Ev. 850.

It is competent to show unfriendly feeling, prejudice or bias on the part of a witness towards either party to the proceeding. Cook v. State, 152 Ala. 66, 44 South. 549.

In Crawford v. State, 112 Ala. 1, 21 South. 214, cited by appellant's counsel, the court holds that—

"A witness cannot be cross-examined as to any fact collateral to the issue, merely for the purpose of contradicting him; and his answer cannot be contradicted by the party asking the question, but is conclusive against him."

This is undoubtedly a correct rule of evidence. But it may be material to know whether a witness is interested in the result of the trial, or has any bias in favor of the party calling him to testify, or prejudice against the party against whom he is called.

[2, 3] In the instant case the question was asked the defendant's witness for the purpose of showing his interest in the case or his bias against the deceased, and not merely for the purpose of contradicting him. It was competent to show the bias of the witness or his prejudice against the deceased. What was in the mind of the witness when he made the statement (if he made it), "There goes the old bear now," referring to the deceased (if he did refer to him)? It was clearly a question for the jury to determine whether or not he made the alleged statement. It was also a question for the jury as to whether or not the statement referred to the deceased. It was likewise a question for the jury to say whether this statement evidenced bias, prejudice, or unfriendly feeling of the witness toward the deceased. Mr. Wigmore says:

"Bias in common acceptance covers all varieties of hostility or prejudice against the opponent personally, or of favor to the proponent personally."

[4] The evidence was admissible as tending to show prejudice of the witness against the deceased, was proper matter for the consideration of the jury in estimating the value of the witness' testimony, and, having been denied by him, it was permissible to call another witness to contradict him. 12 Michie's Ala. Dig. p. 1276, par. 275 et seq.; McHugh v. State, 31 Ala. 318; Henry v. State, 79 Ala. 42; Terry v. State, 13 Ala. App. 123, 69 South. 370; Byrd v. State, 17 Ala. App. 301, 84 South. 777, and authorities cited.

[5] The charge refused to defendant was faulty as invasive of the province of the jury.

There are no errors in the record. The judgment of the circuit court is affirmed.

Affirmed.