## CAMBEIS *v.* THIRD AVE. R. CO.

(*Common Pleas of New York City and County, General Term.* November 7, 1892.)

1. APPEAL—REVIEW—WEIGHT OF EVIDENCE.

   In an action against a cable car company for injuries to plaintiff's wagon, a verdict for plaintiff will not be set aside on appeal, where the evidence was conflicting as to whether or not plaintiff was negligent, and as to whether the wagon was upset by being struck by the car or by too sharp a turn of the wagon out of defendant's track in which plaintiff was driving.

2. HORSE AND STREET RAILROADS—NEGLIGENCE—RIGHT OF WAY.

   Plaintiff was not necessarily negligent in driving on defendant's track, as the cable company did not have exclusive, but simply a paramount, right to use the track. *Fleckenstein* v. *Railroad Co.*, 11 N. E. Rep. 951, 105 N. Y. 655, followed.

3. EVIDENCE—ADMISSIONS—OFFER TO COMPROMISE.

   Evidence of a witness for the company that he offered plaintiff money to settle was material, on the cross-examination of such witness, to show his relation to the controversy.

4. JUSTICE'S COURT—JUDGMENT—VALIDITY.

   The judgment of a justice's court, if in conformity with law and justice, cannot be invalidated by technical errors of no moment to the other substantial merits of the case.

Appeal from district court.

Action by John F. Cambeis against the Third Avenue Railroad Company for damages for negligently colliding with and injuring plaintiff's wagon. From a judgment entered on a verdict for plaintiff, defendant appeals. Affirmed.

Argued before BISCHOFF and PRYOR, JJ.

*Benjamin Tuska,* for appellant. *George Flint Warren, Jr.,* for respondent.

PRYOR, J. Appellant challenges the judgment upon the ground that, in respect both of defendant's negligence and plaintiff's nonnegligence, the verdict is against the weight of evidence. But how can we so affirm? The fundamental question in the case is, was the upset of the wagon caused by a collision with the car, or by a quick and sharp turn off the track? There was positive testimony both for and against the fact of a collision, and the circumstances authorized inferences in favor as well of the affirmative as the negative of the proposition. Here was a problem peculiarly for solution by the jury, and, without observation of the witnesses, we cannot say that credence was not accorded to the most trustworthy. Neither can we affirm that the inferences implied in the verdict are repugnant to a sound and impartial understanding. The appellant insists, however, that, in any event, the nonnegligence of the plaintiff is not sufficiently apparent. Here, again, was a conflict of evidence, and a diversity of probable inferences for the jury, and again their decision is not so revolting to sense and conscience as to make the verdict irreconcilable with the interests of justice.

Much of the confidence of appellant's counsel on this point we ascribe to his conception of the relative rights of the car and the wagon in the highway. He maintains that "the company had the exclusive right to the part of the street used by it," and for support of the proposition he relies upon casual expressions of judges in cases not calling for the remark. But that such is not the law, the actual adjudications leave no room for doubt. "One traveling upon a city street has a right to drive his wagon upon or across the track of a street railroad, * * * and the only limitation of the right is that he must not interfere with the passage of the cars. These have the preference in the use of the track." *Adolph* v. *Railroad Co.*, 65 N. Y. 554. Again: "A street railroad company has not the exclusive right to the use of the tracks, but simply a paramount right; and, while a person lawfully driving on the tracks may not recklessly, carelessly, or willfully obstruct the

passage of the cars, he is not absolutely bound to keep off the tracks; and if he fairly, and in a reasonable manner, respecting the paramount right of the corporation, is, without fault on his part, injured by carelessness or fault chargeable to it, he may maintain an action for his damages." *Fleckenstein* v. *Railroad Co.*, 105 N. Y. 655, 11 N. E. Rep. 951. Still again: A "cable railway company, operating dangerous machinery at a rapid speed on and along the public streets of the city, is in law bound to know that men, women, and children have an equal use of the highway, and will be upon it; and its servants are bound to be on the lookout, and to take all reasonable measures to avoid injuries to persons who may be upon the street." *Winters* v. *Railway Co.*, 99 Mo. 509, 12 S. W. Rep. 652. On a survey of the evidence it is obvious to us that the judgment does not exhibit such a miscarriage of justice as requires its reversal.

But the appellant imputes error to proof of an offer of money to plaintiff by defendant's servant to settle the matter. No exceptions present the competency of the evidence to our consideration, but, were it otherwise, we should sustain the ruling below, upon the ground that the fact was elicited on cross-examination, and was material to show the relation of the witness to the controversy.

Again, appellant challenges the judgment for error of the court in refusing to charge particular requests; but we are of opinion that the case was well put to the jury, and that their verdict is in conformity with law and justice. The judgment of a justice's court, if so conformable, is not to be invalidated by technical errors of no moment to the substantial merits of the case.

Judgment affirmed, with costs.