# Sullivan v. The State.

*Proceeding to Increase Tax Assessment.*

110    95
f 120  411

110    95
125    77
125    79

110    95
129    141

1. *Proceedings before board of equalization of tax assessments; burden of proof upon appeals therefrom.*—Where, under the provisions of the statute creating county boards of equalization of tax assessments, prescribing their powers and duties and authorizing appeals from the judgment or decision of such board to a circuit or city court, where the case shall be tried anew, (Acts 1894–95, pp. 1192, 1206, § 33), an appeal is taken by the taxpayer from a judgment rendered by a county board of equalization, raising the assessed valuation of his property, no presumption of correctness attends the judgment of the board into the appellate court, so as to impose upon the tax-payer the burden of affirmatively showing the incorrectness of the assessment as made by the board.

2. *Same; same.*—On an appeal from a judgment rendered by a board of equalization of tax assessment, as prescribed by the statute (Acts 1894-95, pp. 1192, 1206, § 33), in which the valuation of the property was increased from its original assessment, the issue that should be presented is, that the assessment returned by the tax assessor was incorrect in certain specified particulars, and not that the assessment as made by the board from which the appeal was taken was a fair, just and legal assessment.

3. *Taxation; non-user does not relieve property from assessment.*—The fact that the tax-payer has property of which he has made no use for eighteen months does not deprive such property of its taxable value, so as to make it no longer subject to taxation.

[Sullivan v. The State.]

APPEAL from the Circuit Court of Baldwin.

Tried before the Hon. WILLIAM S. ANDERSON.

The appellant, Martin H. Sullivan, owned certain lands in Baldwin county, Alabama, which were assessed by him for taxes at the valuation of $1 per acre, amounting to $14,113.

On July 31, 1895, notice was served upon said Sullivan that the Board of Equalization of said county had raised his assessment of said lands to $1.25 per acre, and that other property of his, viz., 12 miles of log ditch, at $400 per mile, had been added to the assessment, and that August 24, 1895, had been set for hearing. On the last named date, after a hearing, the Board of Equalization rendered a judgment increasing said assessment to $1.25 per acre for the land, and adding the 12 miles of log ditch at $400 per mile. From this judgment Sullivan appealed to the circuit court. In the circuit court the following complaint was filed: "Now comes the State by Frank Stone, Jr., county solicitor, and alleges that said assessment herein annexed of $4,800, on twelve miles of log ditch, together with locks and dams on ditch, flumes and mill dams, is a fair, just and legal assessment." Issue was taken upon this complaint.

On the trial of the cause on the issue thus formed, evidence was introduced tending to show the value of the log ditch. During the hearing of the evidence, the defendant asked the court's ruling on the question: "If the burden of proof would not be on the State to show that the tax payer's returns were not correct?" The court held, "that the burden of proof was upon the defendant to show that the increased valuation of his tax returns was not correct;" and to this ruling of the court the defendant duly excepted. This being the principal question reviewed on the present appeal, it is unnecessary to set out in detail the evidence adduced on the trial in the circuit court.

The defendant requested the court to give the following written charges: (1.) "That the presumption is that tax assessment of valuation as rendered by the tax payer is correct, and the burden of proof is upon the State to show that the assessment valuation should be increased to forty-eight hundred dollars ($4,800)." (2.) "That if the jury believe that the locks, dams and log ditch were not in operation for transportation of logs and lumber for

[Sullivan v. The State.]

eighteen months previous to and on January 1st, 1895, they will find for defendant.'' The defendant separately excepted to the court's refusal to give each of these charges.

The jury returned a verdict assessing the log ditch at $4,800, and judgment was rendered accordingly. The defendant brings the present appeal, and assigns as error the ruling of the court on the question of the burden of proof, and the refusal of the court to give each of the charges requested by him.

J. J. SULLIVAN, for appellant.—The ruling of the court as to the burden of proof was erroneous. It has been repeatedly held that the burden is upon the plaintiff to make good his case, so far as it is denied by the defendants.—*Lehman v. McQueen*, 65 Ala. 570 ; *Mark v. Allen*, 17 So. Rep. 82 ; *Timberlake v. Brewer*, 59 Ala. 108.

WILLIAM C. FITTS, Attorney-General, for the State.—In this appeal there are three assignments of error. The circuit court ruled that the burden of showing that the valuation fixed by the board of equalization was correct, did not rest upon the State, and refused to instruct the jury that it rested upon the State. The question in this shape has never been before this court, arising as it does under the Revenue Code of 1895. However, in New York, New Jersey and Iowa, statutes similar to the one enacted by the legislature in 1894–95, and under which this appeal is taken, have been in force for some time past.—Acts of 1894–95, p. 1192. The ruling of the circuit court was in conformity with the holdings of the courts of last resort in those States.—*King v. Parker*, 73 Iowa 757 ; *State v. Bettle*, 50 N. J. L. 132 ; *People v. Williams*, 20 N. Y. Sup. 350.

McCLELLAN, J.—The statute creating county boards of equalization of tax assessments and prescribing their powers and duties in respect of raising or reducing valuations, assessing property which has escaped the tax assessor, correcting errors in assessments, &c., &c., provides as to the determination of such boards in any case : "The decision must be entered on the docket and signed by the chairman of the board;'' and further : "From the judgment and decision of the board, any member of

[Sullivan v. The State.]

the board, or any defendant may appeal in ten days to the next term of the circuit or city court when the same shall be tried anew.''—Acts 1894–95, pp. 1192, 1206, § 33. The main question in the present case is whether on the trial in the appellate court any operation or effect shall be accorded to the judgment appealed from, or, more concretely, whether a presumption of correctness attends the judgment of the board into court so as to impose upon a tax payer appellant the burden of affirmatively showing the incorrectness of the assessment as made by the board. We are clearly of the opinion that no such presumption attends the assessment made by the board, and that no effect whatever is to be accorded to its judgment in the court appealed to. The provision is that on appeal "the same shall be tried anew." What is it that shall be tried anew? Obviously the issue which has been tried by the board, and from its judgment upon which the appeal is taken. That issue, in cases like this, is whether the assessment made by the tax assessor shall be increased. How that issue could be tried anew in the court so long as the board's judgment should stand as *prima facie* correct is inconceivable. If the board's action is thus to be taken by the court as correct, the trial could not be of the issue by the board, but of the incorrectness of the board's determination. The point it seems to us hardly admits of argument. None was attempted at the bar except by way of reference to two or three adjudged cases in other courts, which we have carefully examined, and have found to be inapplicable. The requirement that the trial in the circuit or city court shall be anew means and can mean nothing else than that the court shall approach the case just as the board did, on the evidence *pro* and *con* as to whether the valuation assessed by the tax assessor should be increased, and should determine that issue, treating the assessment of that officer—and not that of the board—as *prima facie* correct, wholly regardless of the board's action. The circuit court, therefore, erred in ruling that the burden of proof was on the defendant to show that the assessment as made against him by the board was not correct ; and for this the judgment must be reversed.

The issue made up in the circuit court was an improper one. The State should not have affirmed that the assessment as made by the board was a fair, just and legal

[Downey v. The State.]

assessment, but that the assessment returned by the tax assessor was incorrect in certain specified particulars. With the issues properly presented on another trial, the first charge requested by the defendant will not be pertinent in so far as it requires a verdict for the defendant unless the State shows the correctness of an increase in a particular sum.

The second charge involves this proposition : If a taxpayer has property of which he has made no use for eighteen months, it has no taxable value. The propriety of its refusal is obvious.

Reversed and remanded.