No. 12,061.

STATE OF LOUISIANA VS. HARRY JOHNSON.

If before the jury has been completely impaneled, one of the jurors, who has been accepted and sworn, is taken ill and can not serve, it is no ground of complaint that the court should have excused him, called an additional juror and sent the case to trial.

The State has the right on cross-examination of defendant's witnesses to cross-examine them in respect to their relations with the accused in order to affect the weight and credibility of their evidence, and this, though the examination may cover matters not touched on by the witnesses in their direct examination. 33 An. 538, State vs. Willingham; Ibid., page 737, State vs. Gregory.

APPEAL from the Fourth Judicial District Court for the Parish of Caldwell. *Wear, J.*

*M. J. Cunningham*, Attorney General, and *R. E. Milling*, District Attorney, for Plaintiff, Appellee.

*C. P. Thornhill* and *A. B. Hundley* for Defendant, Appellant.

Submitted on briefs February 15, 1896.
Opinion handed down February 24, 1896.

The opinion of the court was delivered by

NICHOLLS, C. J. Accused, convicted of murder and sentenced to be hung, has appealed. It appears that one O. R. Cody was called and accepted as a juror in the case. After he and nine other persons were sworn as jurors, he informed the court that he was unwell and requested to be excused from serving, whereupon the court asked the counsel of both sides if they had any objection to this being done.

The District Attorney replied he had none. Counsel of accused said he would leave the matter to the discretion of the court. The

court excused the juror, and counsel then reserved a bill to its action. The judge says the juror's appearance indicated he was quite ill, and he stated he was unable to sit upon the case. It is not asserted that this was not true. The jury was completed afterward, and the case went to trial.

In Bishop's Cr. Pr., 2d Ed., Sec. 948, it is said that "if, while the jury is being made up, but before the list is completed, a particular juror who has been selected and sworn is excused for sickness, the case stands on different ground, and one more juror is simply selected in the usual course."

An objection similar to the one now presented to us was urged and overruled in State vs. Moncla, 30 An. 869. We see no reason to change our views on that question.

On the trial of the cause, after one Eliza Berry, as a witness for the accused, had closed her testimony and she was being subjected to cross-examination by the State, she was asked "if she did not stay all night in the cotton house with the defendant after and on the night of the killing, and if she was not his concubine."

The question was objected on the ground that this matter was not touched on in the examination in chief; that the cross-examination must be confined to such matters as were brought out on direct examination. The court overruled the objection. The judge assigns as his reason that the evidence in the case disclosed that the witness was living with the accused as his concubine, and the evidence objected to was admissible as affecting her credibility.

The general proposition contended for by counsel of defendant was recognized by this court in State vs. Swayze, 30 An. 1323, but in State vs. Willingham, 33 An. 538, it said it would be an unreasonable extension of the rule to debar the State from proving on cross-examination the relations of the defendant's witness to the defendant and to the parties referred to in his direct testimony, as affecting the weight and credibility of his evidence. The decision in State vs. Willingham was affirmed in State vs. Gregory, 33 An. 737. We find no error in the judgment, and it hereby affirmed.