# Stahmer *v.* The State.

*Proceedings to raise the Assessment of Property for Taxation.*

1. *Taxation; admissibility of evidence in proceeding to raise assessment.*—In a proceeding to raise the assessment of real estate for taxation, where a witness for the tax-payer testifies that the value of the property was less than its assessment, it is competent for such witness to be asked, upon cross examination, as to whether or not the assessment of his property had been raised; such evidence having the tendency to show bias on the part of the witness.

2. *Same; same.*—In a proceeding to raise the assessment for taxation of eleven lots on one of which was a house, where a witness testifies that the value of the property was what the owner thereof assessed it, it is competent for such witness to be asked, on cross examination, what was the value of the house and of the lots separately; such question being a means

[Stahmer v. State.]

of testing the correctness of the witness' testimony in fixing the value of all the lots collectively.

3. *Same; same.*—In such a proceeding, where the tax-payer testified that the property was worth less than the amount at which it was assessed, it is competent for him to be asked, on cross examination, for the purpose of testing his credibility, if he did not give in the value of such property under oath to the assessor, at the value at which it was returned in the assessment.

4. *Same; sufficiency of verdict and judgment in a proceeding to increase assessment of taxes.*—On an apppeal from the rulings of the board of revenue, raising an assessment for taxes of certain town lots, where the issue made up and tendered in the complaint filed by the solicitor was that said lots were returned and assessed at a certain designated valuation when they were justly worth a greater named sum, the fact that the assessment list had on it personal property returned for taxation as well as said town lots, does not render the verdict of the jury in which they "assess the value of defendant's property" at a certain amount, irresponsive to the issue presented, nor is a judgment rendered upon such verdict, fixing the valuation of the property at the amount ascertained by the jury, subject to similar criticism and objection.

5. *Same; fees of tax commissioner; not properly taxed against the property owner.*—Section 11 of the "Act, to provide for the more efficient assessment and collection of taxes," approved February 3, 1897 (Acts of 1896-97, p. 521), while providing that the "tax commissioners shall receive ten per centum of the taxes arising from such additional assessment," does not provide that such ten per centum shall be paid by the owner of the property in addition to the taxes arising from the additional assessment; and a judgment in a proceeding to raise the assessment of property, which, after increasing the assessment, taxes the commissioners' fee of ten per centum against the property owner, is erroneous.

6. *Same; proceeding to increase assessment of taxes; when costs properly taxed against property owner.*—In an appeal from the orders of a Board of Revenue raising an assessment, it was brought out on the cross examination of the property owner, that he had agreed to let the tax commissioner raise his assessment to the same amount at which the jury fixed the value of the property. The property owner, however, contested the assessment before the Board of Revenue, and took an appeal wherein the State was successful. *Held*: That under the circumstances, the State was the successful party;

[Stahmer v. State.]

and was entitled to the costs within the meaning of the statute (Code, § 1325), and that the judgment taxing against the property owner the cots of the proceedings before the Board of Revenue and in the circuit count was free from error.

7. *Same; same; charge to the jury.*—On an apppeal from a decision of the board of revenue raising an assessment for taxes on real property, at the instance of the tax commissioner, where it appears that the tax commissioner had increased the assessment made by the tax assessor, a charge requested by the tax payer, which instructs the jury that they might "take into account the interest of the tax commissioner in making the additional assessment," is erroneous and properly refused.

8. *Same; same.*—In such a case, the assessment by the tax commis-. sioner supersedes that of the assessor, and, therefore, the *prima facie* presumption of correctness of the assessment made by the tax assessor is removed; and a charge which instructs the jury that they should, on appeal in such proceeding, disregard the assessment made by the tax assessor, asserts a correct proposition of law and is properly given.

APPEAL from the Circuit Court of Cullman.

Tried before the Hon. H. C. SPEAKE.

After the property of the appellant, Henry Stahmer, had been assessed for taxes, the tax commissioner of Cullman county increased the assessment of the eleven town lots from a valuation of $800 to $1,500. In answer to a citation, the said Stahmer appeared before the Board of Revenue and contested the raise of the assessment as made by the tax commissioner. Upon this hearing, the Board of Revenue increased the assessed value of the said eleven lots to $1,200. From this assessment, as fixed by the Board of Revenue, the said Henry Stahmer appealed to the circuit court of Cullman county. In that court the solicitor of the circuit cuit court filed the following declaration: "Comes the State by its solicitor, Mr. H. Sawtelle, and alleges that the assessment made and returned list by the tax assessor of said county, on the 5th day of January, 1899, of the property of Henry Stahmer, a copy of which is hereto attached, is incorrect in this: that said lots in said county, in the city of Cullman were returned and assessed at $800, when the same were justly worth, to-wit, the sum of $1,200." Upon issue formed on this

declaration the trial was had in the circuit court. The facts pertaining to the rulings of the circuit court to which exceptions were reserved, and which are reviewed on this appeal, are sufficiently stated in the opinion.

The defendant separately excepted to the following portions of the court's oral charge to the jury: (1.) "Gentlemen, you will not pay any attention to what the tax assessor did, nor what the county board of revenue did, but you will fix the valuation of the defendant's property from the evidence solely, as if no valuation had been made by the tax assessor, or any one else, as the case is now tried *de novo*." (2.) "What the assessor did with the assessment of the defendant's property has nothing to do with this case, as it is now tried *de novo*." The defendant requested the court to give to the jury the following written charge, and separately excepted to the court's refusal to give said charge as asked: "The court charges the jury that they may take into account the interest of the tax commissioner in making the additional assessment."

From a judgment rendered by the circuit court assessing the value of the property at $1,000, the said Stahmer appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

ALVIN AHLRICHS, for the appellant, cited *Sullivan v. State,* 110 Ala. 95; Rogers on Expert Evidence, p. 376.

CHAS. G. BROWN, Attorney-General, for the State. The fact that some of the witnesses testifying for defendant had their property similarly raised was a proper matter to be submitted to the jury as affecting the credibility of their testimony.—*Lodge v. State,* 122 Ala. 97.

The trial on appeal was a trial *de novo,* and the issue was the correctness, or incorrectness of the assessed value of the property as returned to and by the assessor. The burden of proof was on the State to show this incorrectness and that valuation should be increased. The State took upon itself this burden and in the first instance introduced evidence to that effect. The opinion in the case of *Sullivan v. State,* 110 Ala. 95, will show

[Stahmer v. State.]

that the contention of the appellant is not well taken as to charges of the court.

HARALSON, J.—The defendant introduced several witnesses to testify as to the value of his property, the assessment of which for taxation it was proposed by this proceeding to raise. The witness, Charles Schultes, testified that the value of the particular estate proposed to be raised was about $600, which was $200 below what the property was given in and valued at in the beginning, and $400 below its value as fixed by the Board of Equalization. The solicitor asked the witness on cross-examination: "Has your property also been raised?" The defendant objected, and the court stated, that the evidence called for was admissible only as affecting the witness' credibility, and overruling the objection allowed the witness, for the purpose to which it was limited, to state that his property had been raised also. For the purpose the evidence was allowed, there was no error in its admission. It had a tendency to show bias on the part of the witness.—*Lodge v. The State,* 122 Ala. 97; 25 So. Rep. 210.

The property taxed consisted of eleven town lots, the numbers of which were set down on the return of the assessment, and they were assessed in bulk at $800. Defendant's witness, Johnson, testified that the lots were worth about $800. On cross-examination, the solicitor asked him, and the court allowed him to answer against the objection of defendant, what was the value of a house that was on one of the lots, and the value of the lots separately. In this the court did not commit error. This was a means of testing the correctness and value of the witness' testimony in fixing the value of all the lots in bulk.

The assessment list of the tax assessor returned to the board, which was introduced in evidence, showing the number and value of the lots for assessment, was signed and sworn to by the defendant. The defendant, on his examination in chief testified the lots were worth about $650. The solicitor was allowed to ask him on the cross: "Did you not give in this property yourself at $800?"

He swore when he made the return, that he would return his property "at its market value on the 1 Oct. preceding." He answered: "I did." There was no error here. It was a very proper way to test the witness' credibility.

The jury returned their verdict: "We the jury assess the value of defendant's property on the 1st day of October, 1896, at one thousand dollars." The judgment rendered by the court was, after proper predicate therefor: "It is therefore, considered by this court, (that) the lots so described in the proceedings be assessed at a valuation of $1,000, instead of $800 as assessed by the tax assessor of Cullman county; and it appearing to the satisfaction of the court, that this is a proceeding instituted by the tax commissioner of Cullman county, it is ordered that defendant pay in addition to the taxes caused by this increased valuation, ten per cent as commissioner's fees." It is insisted that the court had no right to receive the verdict of the jury and enter judgment on the same, upon the alleged ground that the verdict was altogether irresponsive to the issue; that the assessment list had on it personal property returned for taxation, as well as the eleven lots, and the jury mistook the issue and assessed the valuation of defendant's *property* instead of *his lots* at $1,000. This is an entire misapprehension of the issue tried and the verdict thereon. The issue made up and tendered in the complaint filed by the solicitor was, that these lots in the city of Cullman were returned and assessed at $800, when the same were justly worth, to-wit, the sum of $1,200. There was no complaint that any of the personal property on the list was undervalued in the assessment. The verdict was, therefore, responsive to the issue.—*Sullivan v. The State,* 110 Ala. 95. The word *property* therein used, means, necessarily, the eleven lots of land, and nothing else.

It is said again that the circuit court erred in taxing the defendant with a tax commissioner's fee of ten per cent. That part of the judgment is: "It is ordered that the defendant pay in addition to the taxes caused by this increased valuation, ten per cent. as commissioner's

fees." Ten per cent. on what is not stated, and whether it was intended to be on the value of the whole property —$1,000—as ascertained by the jury, or that per cent. on the amount of the tax arising from the $200 additional assessment, the judgment does not suggest. The law provides (section 11 of the act "To provide for the more efficient assessment and collection of taxes in the State of Alabama," approved Feb'y 3rd, 1897, (Acts, 1896-97, p. 521), that the "tax commissioners shall receive ten per centum of the tax arising from such additional assessment," but it does not provide that this ten per cent shall be paid *by a defendant,* in addition to the tax arising from the additional assessment. In taxing the defendant with the commissioner's fee the court was in error; but it is not such error as for which the cause should be reversed, as it may be here corrected. It is accordingly ordered that that part of said judgment entry which reads as follows: "And it appearing to the satisfaction of the court, that this is a proceeding instituted by the tax commissioner of Cullman county, it is ordered that the defendant pay in addition to the taxes caused by this increased valuation, ten per cent. as commissioner's fee," be and the same is hereby stricken therefrom.

It is insisted again, that the court erroneously rendered judgment against the defendant for the costs of the proceeding in the court below and in the circuit court. It appears the board of revenue raised the defendant's assessment $400, over the $800 at which it was given in by him to the assessor. The State on cross-examination of defendant as a witness, brought out the fact, that he agreed, in order to have peace and not be "bothered" with the courts, to let the county tax commissioner raise his assessment to $1,000, and when the matter came before the Board of Revenue, he agreed to let them raise it to that amount. The defendant, however, contested the assessment before the board, and gave security in double the amount of the tax and the probable cost, conditioned to prosecute the appeal to effect and pay such judgment as the court to which the appeal was taken might render. This bond is not set out in the transcript, but it is stated that the appeal

bond was filed, and we must presume it was made according to the provisions of the statute (Acts, 1894-95, p. 1192, § 33). The Code—section 1325—provides that the successful party in all civil actions is entitled to full costs; and the State having succeeded in the litigation, it was not contrary to the statute to tax the defendant with the costs.

We find no error in the refusal of the court to give charge 1 requested by defendant, nor in the parts of the general charge of the court, which were excepted to by him. It appears that this was not a proceeding on appeal to the circuit court to correct the action of the Board of Equalization of the county for raising the assessment of defendant's property as made by the tax assessor, which he seeks to review, but to correct the assessment as made by the tax commissioner of the county. In a proceeding on appeal to correct the action of the Board of Equalization in the trial in the circuit court in a case of the first named character, we have heretofore held, that the assessment of the tax assessor should be regarded as *prima facie* correct, wholly regardless of the Board's action.—*Sullivan v. The State*, 110 Ala. 95. But, when the assessment has been made by the tax commissioner as here, the assessment by him supersedes that of the assessor, and the assessment by the latter, when introduced in evidence would not be entitled to this *prima facie* presumption of correctness, and the principle invoked in the case referred to, is without application. The alleged errors in the other charges refused are not insisted on in argument.

Let the judgment of the court below as here corrected be affirmed.

Affirmed.