# Kelly v. The State.

*Assault With Intent to Murder.*

(Decided Dec. 21, 1911. 57 South. 78.)

*Evidence; Bias; Ill-will.*—It is competent, in a prosecution, to ask the prosecuting witness questions tending to show a bias or ill-will on his part, relative to the defendant, and the questions asked, to which objections were sustained, were such as would tend to show such feeling on the part of the witness.

APPEAL from Jefferson Criminal Court.

Heard before Hon. M. FRANK CAHALAN.

Charles Kelly was convicted of an assault with intent to murder, and he appeals. Affirmed.

BUSH & BUSH, for appellant. Counsel discuss assignments relative to the exclusion of evidence, but without citation of authority. They insist that the court erred in refusing charges 3 and 4, and cite *Kennedy v. The State*, 140 Ala. 1; *Tribble v. The State*, 145 Ala. 23.

ROBERT C. BRICKELL, Attorney General, for the State.

WALKER, P. J.—John Smith, the person charged to have been assaulted, was examined as a witness for the state. On his cross-examination, the counsel for the defendant asked him questions which sought to bring out the facts that, previous to the alleged assault, the witness was the leader in getting up a petition to the superintendent of the mine in which the witness and the defendant were employed to have the latter discharged, and that the witness himself had been discharged by the superintendent because of his trying to run

the defendant away from Indio, where he resided. The defendant duly excepted to the action of the court in sustaining the objections of the solicitor to these questions. The court was in error in these rulings. It was competent to bring out on the cross-examination of the witness that he had a bias or ill will against the accused, and the questions were calculated to 'elicit testimony tending to show that such was the fact.—*Ott v. The State*, 160 Ala. 29; *Salm v. The State*, 89 Ala. 56.

Reversed and remanded.