[Ex Parte State, in re. Johnson v. State.]

# Ex Parte State, in re. Johnson v. State.

## Violating Prohibition Law.

(Decided December 21, 1916.   Rehearing denied February 15, 1917.
74 South. 366.)

**Witnesses; Cross-Examination; Bias.**—Where the trial was for violating the prohibition laws a witness for the defendant could be asked on cross-examination as to his own repeated commission of the same offense.

Sayre, J., dissents.

CERTIORARI to the Court of Appeals.

G. O. Johnson was convicted of violating the prohibition laws and appealed to the Court of Appeals where his case was reversed. (See 15 Ala. Appeals 75, 72 South. 561.) The State brought certiorari to this court to review and revise that opinion. Writ granted, judgment of the Court of Appeals reversed and the cause remanded to said Court of Appeals.

W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for State. L. D. GRAY for appellee.

THOMAS, J.—One Johnson was convicted of violating the prohibition law. On the trial the defense introduced a witness who testified to defendant's good character. On the cross-examination of this witness, over the objection and exception of the defendant, the state's counsel was permitted to ask the witness if he had not been recently convicted of the offense for which the defendant was on trial. The witness answered: "Twice—city court and circuit court." For this ruling the Court of Appeals has reversed the trial court and remanded the cause.

1. The latitude allowed upon the cross-examination of a character witness was considered by this court in *Carson v. State*, 128 Ala. 60, 29 South. 609, where the rule was thus stated:

"Much latitude is allowed upon cross-examination of a witness as to character, even sometimes to the extent, within the sound discretion of the trial court, of asking questions which may call for irrelevant evidence. This for the purpose of testing the accuracy, credibility and sincerity of the witness. As to how a witness makes up his estimate of character is a proper subject of inquiry upon cross-examination."

In *Cox v. State,* 162 Ala. 68, 50 South. 399, Chief Justice DOWDELL again said: "A wider latitude is allowable on the cross, than upon the direct, examination of a witness. It is permissible upon a cross-examination, for the purpose of testing the memory, sincerity, etc., of the witness, to interrogate him as to matters wholly irrelevant to the issue in the case. The latitude and extent of such cross-examination, however, is a matter that must, of necessity, rest largely, if not exclusively, within the sound discretion of the trial court, and, so long as that discretion is not abused, the action of the trial court will not be revised on appeal."

This court is committed to the doctrine that the trial court will not be reversed, except in an extreme case of abuse of this discretion, for permitting the cross-examination of a witness on irrelevant and immaterial matters, to test his memory or accuracy, credibility, interest, or sincerity; interpreting the tendency of modern practice to be favorable to great latitude in this regard.—*Marler v. State,* 68 Ala. 580; *Cox v. State, supra; Ingram v. State,* 67 Ala. 67; *Burger v. State,* 83 Ala. 36, 3 South. 319; *Lowman v. State,* 161 Ala. 47, 50 South. 43. It is evident that in this cross-examination there was no abuse of discretion by the trial court.

2. The testimony was admissible as having a tendency to show the bias or interest of the witness in favor of the cause or the person on trial.—Underhill on Cir. Ev. § 222; *Cook v. State,* 152 Ala. 66, 44 South. 549; *Patton v. State,* 197 Ala. 180, 72 South. 401; *Bullington v. State,* 13 Ala. App. 61, 69 South. 319. In *McCormack v. State,* 133 Ala. 133 Ala. 202, 207, 32 South. 268, 269, the court said: "The interest of a witness in the cause may always be shown as affecting the credibility of his testimony. It was doubtless upon this theory that the solicitor was permitted on cross-examination of Woodward, the proprietor of the Palace Saloon and the employer of the defendant, to ask him if a prosecution was not pending against him for the same offense."

Mr. Wigmore defines three different kinds of emotion constituting untrustworthy partiality, viz.: "Bias, interest, and corruption. Bias, in common acceptance, covers all varieties of hostility or prejudice against the opponent personally, or of favor to the proponent personally. Interest signifies the specific inclination which is apt to be produced by the relation between the witness and the cause at issue."

[Ex Parte State, in re. Johnson v. State.]

In 40 Cyc. 2658, the text laying down that "a mere interest in the question involved in a suit may affect the credibility of a witness, although he has no interest in the event of that particular suit," is supported by authority. In the case of *Dodge v. Heddon* (C. C.) 42 Fed. 446, it was held that: "In weighing the testimony of witnesses as to trade usage, the jury should consider the extent to which any of the witnesses may have an interest in the result of the litigation which might color their evidence."

So, also, independently of any prejudice or feeling as to the parties, the feeling of a witness in respect to the case which is being tried may be brought out to affect his credibility.—*State v. Sam,* 53 N. C. 150; *Cambeis v. Third Ave. R. Co.,* 1 Misc. Rep. 158, 20 N. Y. Supp. 633.

The application of this principle has found illustration in this state. In *Prince v. State,* 100 Ala. 144, 14 South. 409, 46 Am. St. Rep. 28, it was held to be error for the trial court to sustain an objection to the question propounded on cross-examination to the state's witnesses:

"State whether the company you are working for is taking any interest in the prosecution of the defendant."

The court said: "In weighing testimony the jury ought to be in possession of all facts calculated to exert any influence upon the witness. It cannot be said as a conclusion of law that an employee testifying in a matter in which he knows his employer is interested personally, or pecuniarily, is, or is not, wholly unbiased. It is proper for the jury to know the character of the interest of the employer, how it is to be affected, and in what way it is manifested. An employer may act from a sense of public duty, or be interested in seeing that another has a fair trial; or it may be that he is actuated by pecuniary interest, or a spirit of revenge, or vindictiveness, and may use his position as employer to bias the evidence of his employee. We think it safe to hold that when an employee is testifying, it may be shown that his employer is interested in the prosecution."—*Harrison v. State,* 12 Ala. App. 284, 68 South. 532.

In *Mason v. State,* 12 Ala. App. 227, 67 South. 715, it was held proper to show on cross-examination of a witness for the accused that the witness had worked for the defendant's father, on the ground that this was within the rule admitting such evidence to show bias. In the case of *Drum v. Harrison,* 83 Ala.

386, 3 South. 715, it was held proper to show that the witness had been sued in another action, by the plaintiff, for a part of the property included in the same mortgage that was being attacked in that suit.—*Wilkerson v. State*, 140 Ala. 165, 37 South. 265; *Clifton v. State*, 73 Ala. 473. In *Lodge v. State*, 122 Ala. 98, 26 South. 210, 82 Am. St. Rep. 23, it was held that it may be shown that the father or mother of the witness harbored ill will towards the defendant, which was known to the witness, as tending to affect his credibility. For the like reason it was permitted to be shown that the witness' father had been in the employment of the defendant's father. In the case of *Long v. Booe*, 106 Ala. 570, 580, 17 South. 716, 719, Chief Justice McClellan said: "His credibility was sharply in issue before the jury. It was, we think, within the discretion of the trial court to allow the plaintiff to draw from his on cross-examination the fact that his father had been in the employment of the defendant's father, he having testified for the defense. The matter was before the court below upon the manner of the witness in a much fuller light than it could be presented here, and we are not prepared to say but that the fact thus adduced tended to show relations between the families of the witness and defendant, when taken in connection with the witness' demeanor on the stand, from which the jury might have inferred a bias on the witness' part in favor of the defendant. The matter was in the discretion of the city court.—*Miller v. Smith*, 112 Mass. 470; *Commonwealth v. Lyden*, 113 Mass. 452; *Amos v. State*, 96 Ala. 120, 125 [11 South. 424]; *Phoenix Insurance Co. v. Copeland*, 86 Ala. 551, 558 [6 South. 143, 4 L. R. A. 848]."

So in *Stahmer v. State*, 125 Ala. 72, 27 South. 311, a proceeding to raise the assessment of property for taxation, it was held that, where a witness for the taxpayer testified that the value of the property was less than its assessed value, it was competent for such witness to be asked, upon cross-examination, whether or not the assessment of his property had been raised, in order to show bias on the part of the witness. His social and business relations with the party, his intimacy or hostility, and such other circumstances as might create bias, may properly be considered.—5 Jones, Ev. §§ 828, 901; *McLaughlin v. Mencke*, 80 Md. 83, 30 Atl. 603; *Magness v. State*, 67 Ark. 598, 50 S. W. 554, 59 S. W. 529; 2 Ency. of Ev. 407. See, also, *Phillips v. State*, 161 Ala. 60, 49 South. 794; *Gosdin v. Williams, et al.*, 151 Ala. 592,

44 South. 611; *Kelly v. State,* 2 Ala. App. 103, 57 South. 78; *Patton v. State,* 197 Ala. 180, 72 South. 401; *Shepherd v. Butcher Tool & Hardw. Co.,* 198 Ala. 275, 73 South. 498; *Nashville, C. & St. L. Railway v. Crosby,* 183 Ala. 237, 62 South. 889. Generally, the moving circumstances which might impel the witness to swear falsely may form the subject of inquiry.—*Hicklin v. Territory,* 9 Ariz. 184, 80 Pac. 340; *Crook v. Int. Trust Co.,* 32 App. D. C. 490; *Breckenridge v. Commonwealth,* 97 Ky. 267, 30 S. W. 634; *State v. Johnson,* 48 La. Ann. 437, 19 South. 476; *Styles v. Decatur,* 131 Mich. 443, 91 N. W. 622; *State v. Phillips,* 105 Minn. 375, 117 N. W. 508; *Gallick v. Bordeaux,* 22 Mont. 470, 56 Pac. 961; *Blenkiron v. State,* 40 Neb. 11, 58 N. W. 587; *Rossenbach v. Supreme Court, etc.,* 184 N. Y. 92, 76 N. E. 1085.

In the instant case, the testimony that the witness had been recently twice convicted of a like offense to the one for which the defendant was on trial not only illustrated his estimate of the character of the defendant, but also tended to show a possible bias or interest on the part of the witness for the cause or offense for which the defendant was being prosecuted.

There was error in the reversal of the judgment of the trial court. Let the writ be granted, and the judgment of the Court of Appeals be reversed.

MCCLELLAN and MAYFIELD, JJ., concur in the opinion and result. ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur in the result only. SAYRE, J., dissents.

SOMERVILLE, J.— (concurring).—It was of course not competent to impeach the character of defendant's character witness by showing that he had been convicted of violations of the prohibition law, since, as properly held by the Court of Appeals, that kind of crime does not involve moral turpitude. Nor do I think that the fact of such convictions could be shown for any purpose, except on cross-examination, as in the instant case.

But, as illustrative of the mental and moral attitude of the witness towards the offense for which the defendant was on trial, and so, as suggestive of his possible or probable bias against the state in this particular case, I think the trial judge cannot be put in error for allowing him to be interrogated on cross-examination as to his own repeated commission of the same offense. It fairly permits an inference of bias, of more or less value accord-

ing to appearances that may be presented to the judge and jury, but not revealed to or cognizable by an appellate court; and hence it cannot be affirmed that its admission was an abuse of the broad discretion that may be exercised by the trial judge. As said by Mr. Wigmore:

"The range of external circumstances from which probable bias may be inferred is infinite. Too much refinement in analyzing their probable effect is out of place. Accurate concrete rules are almost impossible to formulate, and where possible are usually undesirable. In general these circumstances should have some clearly apparent force, as tested by experience of human nature, or, as usually put, they should not be too remote."—2 Wigmore on Ev. . 949.

The case of *Stahmer v. State,* 125 Ala. 72, 76, 27 South. 311, referred to in the opinion of Justice THOMAS, exhibits an application of the rule in question which, in my opinion, cannot be distinguished from the circumstances of the instant case.

For these reasons, I concur in the conclusion that the action of the trial judge was not revisable or reversible error, and that the judgment of conviction should, as for this ruling, have been affirmed.

ANDERSON, C. J., and GARDNER, J., concur in the foregoing views.