(106 So. 622)

### McADAMS v. STATE. (4 Div. 124.)

(Court of Appeals of Alabama. Dec. 15, 1925.)

1. Criminal law ☞1054(1)—Objections to admission of evidence will not be considered on appeal, where no exceptions were reserved to court's ruling thereon.

Objections to admission of evidence will not be considered on appeal, where no exceptions were reserved to court's ruling thereon.

2. Witnesses ☞366—In prosecution for possessing a still, testimony that state's witness was under indictment charging him with same offense for which defendant was being tried held improperly excluded.

In prosecution for possessing a still, testimony that state's witness was under indictment, charging him with same offense for which defendant was being tried held improperly. excluded.

3. Witnesses ☞363(1)—Bias and self-interest of witness may be shown.

Bias or self-interest of witness may always be shown, and great latitude is allowed on cross-examination to elicit circumstances having tendency to show bias or interest.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Cleve McAdams was convicted of possessing a still, and he appeals. Reversed and remanded.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

Where no exception is reserved, an objection will be considered as waived. Posey v. State, 17 Ala. App. 448, 86 So. 117; Holland v. State, 17 Ala. App. 503, 86 So. 118; Haswell v. State, 17 Ala. App. 519, 86 So. 170; Milligan v. State, 208 Ala. 223, 94 So. 169.

BRICKEN, P. J. [1] This appellant, defendant in the court below, was the son-in-law of the principal state witness, Babe Thomas. His conviction rested upon the testimony of said Thomas and that of his (Thomas') immediate family. Pending the trial, numerous "objections" were made by counsel for defendant, but the objections were abortive in most instances, for the reason that no exception was reserved to the court's ruling thereon.

[2] On the cross-examination of the principal state witness, Thomas, the defendant undertook to show that he (Thomas) was, at the time of his testifying as a witness, under indictment, which charged him with the same offense for which this appellant was then being tried. Upon objection by the solicitor representing the state, the court would not permit the defendant to make this proof, the court stating "that is not admissible," and to this ruling of the court the defendant duly and legally reserved an ex-

ception. In this ruling there was error to a reversal. This evidence we regard as specially pertinent and material in this case under the respective theories of the parties hereto. The state, on the one hand, insisted that this defendant was the person who was unlawfully in possession of the still in question, and offered testimony tending to sustain this insistence. On the other hand, the defendant strenuously insisted that it was not he who was in the possession of the still, but that it was Babe Thomas, the witness, who had possession thereof. There was no semblance of evidence tending to show a joint possession, nor was there any insistence to 'this effect. Therefore evidence of this character might afford a strong inference that the witness was endeavoring to fasten the crime upon the accused on trial in order to exculpate himself, thus affecting the credibility of the witness.

"The fact that a witness for the state, who testifies to circumstances tending to convict the defendant, knows that he himself is officially accused of the crime for which the defendant is being tried, may be shown by the defendant for the purpose of affecting the credibility of the witness." State v. Rosa, 71 N. J. Law, 316, 58 A. 1010.

[3] Moreover, the fact sought to be proven would tend to show a motive for the fabrication of his testimony in order to convict the defendant and thus exonerate himself. While, of course, a mere charge of crime, disconnected with the subject under investigation, does not affect the credibility of a witness, the fact that a witness knows himself to be officially accused, that is to say, indicted for the same crime which his evidence tends to fasten upon the defendant, certainly cannot be overlooked in considering whether he is free from every influence that might lead to falsehood. Bias of a witness can always be shown. Self-interest, or other bias of a witness, may be shown, and great latitude is allowed, on cross-examination, to elicit circumstances having a tendency to show bias or interest on the part of the witness such as might influence his testimony. In the case of Patton v. State, 197 Ala. 180, 72 So. 401, it was held competent to ask a witness for defendant on cross-examination whether or not he knew that his (witness') father-in-law had been arrested and charged with the murder in question. See also, Ex parte State, In re Johnson v. State, 199 Ala. 255, 74 So. 366, in which case numerous cases are cited and principles announced which are in point, and are direct authority for the position taken by this court in point involved here.

As hereinabove stated, there were numerous other objections interposed by defendant pending this trial, and the rulings of the court were thus invoked, but, as no exceptions were reserved, these several questions cannot receive consideration, as they are not presented.

For the error indicated, however, the judgment of conviction appealed from is reversed and the cause remanded.

Reversed and remanded.