(121 So. 742)

No. 29706.

**STATE v. DELLAHOUSSAYE.**

March 25, 1929.

Overton & Hunter, of Alexandria, for appellant.

Percy Saint, Atty. Gen., Cleveland Dear, Dist. Atty., of Alexandria, and E. R. Schowalter, Asst. Atty. Gen., for the State.

LAND, J. Defendant was convicted for selling intoxicating liquor, and has appealed from a sentence of 60 days in jail and a fine of $400, with additional imprisonment of 4 months in default of payment of fine.

The bill of particulars, requested by defendant, states that the kind of liquor sold was alcohol, that the place of sale was defendant's drug store on Main street in Pineville, La., and that the date of sale was on or about March 27, 1928.

### Bill No. 1.

While the chemist for the New Orleans laboratory branch for the enforcement of prohibition was on the witness stand, a sealed and labeled bottle was presented to him by the district attorney, and the witness was asked whether or not he had ever had the bottle in his possession.

The question was objected to on the ground that the bottle had not been introduced in evidence, and any evidence as to its contents was not receivable in evidence.

The objection is without merit. The bottle with contents had already been identified by a state witness, a prohibition inspector, who had testified that he purchased the liquor from the accused, labeled and sealed the bottle, and delivered it to the prohibition department in New Orleans to be analyzed by its chemist.

The purpose of the testimony was to complete the identification of this particular bottle and contents, and was clearly admissible.

### Bill No. 2.

During the examination of the chemist for the prohibition department in New Orleans, he testified that he had added to the contents of the bottle 7½ grains of bichloride of mercury, the usual method employed by the prohibition department in that city in denaturing alcohol.

When the state offered the bottle and its contents in evidence, objection was made on the ground that the contents of the bottle had been changed, and that the proper foundation had not been laid by showing that the contents of the bottle was the identical liquor alleged to have been purchased from defendant.

From the per curiam to this bill, it appears that the chemist was present in the laboratory when the prohibition inspector, who had purchased the liquor from defendant, delivered the bottle and its contents to be analyzed; that the bottle was labeled and sealed, as testified to by the prohibition inspector; that the chemist took charge of it, analyzed its contents, and found it was 95 per cent. ethol alcohol, the kind used for beverage purposes; and that afterwards he put the bichloride of mercury in it, brought the bottle in person into court, and, while on the witness stand, handed it to the district attorney.

The trial judge was satisfied from the evidence that the identification was complete.

The objection of defendant was, therefore, properly overruled.

### Bill No. 3.

██ While the defendant was on the witness stand, he testified on direct examination, referring to the prohibition inspector, that: "I had never seen him before in my life. The first time I saw him was this morning when he walked into the court room."

On cross-examination, the district attorney propounded to the defendant the following question: "I want to ask you if on April 19, 1928, that he (referring to the prohibition inspector) accompanied by Mr. K. Morrison, was not in your drug store and you spoke to him?"

This question was objected to on the ground that it was not in cross-examination of any question propounded to the defendant on direct examination, and, if the question was asked for the purpose of laying a basis to impeach the witness, that the state cannot make out its case under the guise of impeachment.

It is well settled that the state has the right to cross-examine defendant's witness to test his credibility, since such examination is connected with, and germane to, the examination in chief, as the answers to such questions may affect the weight to be attached to the evidence of the witness. State v. Dunn, 161 La. 586, 109 So. 56; State v. Garner, 135 La. 746, 66 So. 181; State v. Johnson, 48 La. Ann. 437, 19 So. 476.

Moreover, the broad statement of defendant on the witness stand, on direct examination, that he had never seen the state witness before that day, opened the door to the cross-examination by the state as to the particular dates about which the defendant was interrogated by the district attorney.

### Bill No. 4.

██ After the defendant had testified that he had never seen the prohibition inspector until that morning in court, he was asked on cross-examination, by the district attorney, if he had not met this witness in his drug store on March 30, 1928, at which time the witness had purchased some whisky.

The defendant answered this question in the negative, and, when the prohibition inspector was placed upon the witness stand to impeach the defendant, objection was made to his testimony on the ground that it was not in rebuttal; that, if tendered for impeachment, the proper foundation had not been laid; that the state was attempting to make out its case under the guise of impeachment; and, finally, that this testimony, having been excluded, was not competent to be received in rebuttal.

Neither the cross-examination of defendant, denying that he met the prohibition inspector on March 30, 1928 at defendant's drug store, nor the impeaching testimony of the inspector as to such meeting, was ruled out. Only that part of the testimony relating to a sale on that particular date was excluded, as the state relied on the bill of particulars furnished upon March 27, 1928, as the date of the sale charged. See transcript, pp. 55, 69, 70.

For the reasons already assigned under bill No. 3, the district attorney had the right to test the credibility of the defendant, by cross-examination, as to the meeting between defendant and the prohibition inspector at the drug store on March 30, 1928. Having this right, the district attorney necessarily could call the inspector as an impeaching witness.

Sufficient foundation was laid by the state as to this meeting in the questions propounded by the district attorney to defendant. There is no attempt made here to prove contradictory statements made by defendant, but merely to show the falsity of his statement that he did not meet the prohibition inspec-

tor in the drug store on March 30, 1928. The bill is not well taken.

### Bill No. 5.

This bill was reserved also to the right of the state to impeach defendant, as to his testimony that he had not seen the prohibition inspector in defendant's store on April 19, 1928.

The testimony of the inspector was objected to on the grounds already considered under bills 3 and 4, and we do not deem further comment necessary as to this particular bill.

### Bill No. 6.

The above bill was taken to the overruling of a motion for a new trial. This motion is based upon the errors already disposed of under the various bills reviewed, and upon the further ground of newly discovered evidence, and that the verdict is contrary to the law and the evidence.

In the per curiam to this bill, the trial judge states that the defendant had a fair and impartial trial, and that the verdict was in accordance with the law and the evidence.

With reference to the affidavits showing newly discovered evidence as to the exact time when accused closed his drug store on the night of the sale in question, March 27, 1928, the judge a quo further states that such evidence would have been merely cumulative, and was not in fact newly discovered, as it was within the power of the accused to have secured same upon the trial of the case.

One of the main defenses was that the drug store was closed at 9 p. m., and evidence introduced along this line was intended to rebut the testimony of the state's witnesses, that the purchase of the liquor was made at 9:30 p. m. on March 27, 1928.

We find no reversible error in the various rulings objected to by defendant.

The conviction and sentence are affirmed.