172 So. 471

## WILLINGHAM v. STATE.
### 6 Div. 911.

Court of Appeals of Alabama.

Jan. 12, 1937.

Rehearing Denied Feb. 2, 1937.

Bealle & Mize, of Tuscaloosa, for appellant.

A. A. Carmichael, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of murder in the second degree, his punishment being fixed at imprisonment in the penitentiary for the term of ten years.

It was alleged in the indictment that he "unlawfully and with malice aforethought killed Thomas L. Dowdle by shooting him with a gun or pistol," or, in a second count, "by striking him with some weapon to the Grand Jury unknown."

The evidence was altogether and entirely circumstantial.

That for the State fixed the date of Dowdle's disappearance at June 25, 1932, he being found, later, dead, under circumstances warranting the jury in finding that he was murdered on the date of his disappearance.

Appellant, manifestly, under the testimony, was not entitled to have the jury given at his request the general affirmative charge to find in his favor.

There does not appear to have been reserved an exception to the trial court's action in overruling appellant's motion to set aside the verdict of the jury, as, among other things, being opposed to the great weight of the evidence. In this situation it is now too well settled to require the citation of authority that we will not consider the action of the court in overruling said motion.

There is hence no necessity for our discussing the evidence in the case further than will appear hereinafter.

Appellant denied all knowledge of the way and manner in which Dowdle came to his death; and sought, by his own testimony, and that of his witnesses, to show that at the time Dowdle must have come to his death, he, appellant, was many miles away from the scene, and in another county.

To this end, appellant produced a witness—Phealin Shepherd—who testified, among other things, as follows: "I am Cashier of the Bank of Berry. I was Cashier of said bank in June, 1932. James Willingham came into the Bank on the morning of June 25, 1932. He renewed three notes that day. I do not have the notes. I just took a record sometime ago."

The bill of exceptions recites that the attorney for defendant (appellant), in arguing the case to the jury, referring to the testimony of Phealin Shepherd, said, "that his records show the defendant was in the Bank at Berry on June 25, 1932." And that the trial court, upon objection by the solicitor, sustained said objection and excluded the argument referred to from the jury.

We think, and hold, the above action of the court with reference to said argument was error; and that it was prejudicial to appellant's rights. The argument in question, it seems to us, contravened no rule appertaining. For our views more in detail the reader is referred to the opinion by Mr. Justice Stone in

Cross v. State, 68 Ala. 476. We cannot improve on what was there said.

As stated hereinabove, the testimony by which responsibility for the death of Dowdle was sought to be fastened upon appellant was entirely circumstantial. One of the witnesses for the State giving material testimony looking to this end was W. W. Jones, the father-in-law of Dowdle.

Upon the cross-examination of said Jones, he was asked this question: "Mr. Jones you were arrested and charged with this offense were you not?" State's objection to this question was sustained, and exception reserved by appellant.

■ We think, and hold, the action of the trial court indicated in the next preceding paragraph was error, and prejudicial to appellant. The testimony sought to be elicited by the quoted question was competent as bearing upon the bias vel non of the witness. 70 C.J. 837–839, witnesses, § 1045; McAdams v. State, 21 Ala.App 193, 106 So. 622; Wilkerson v. State, 140 Ala. 165, 37 So. 265.

Other questions apparent will probably not arise in their present form upon another trial. They will not be considered.

For the errors indicated, let the judgment be reversed, and the cause remanded.

Reversed and remanded.