4 So.2d 657

### RAPER et al. v. STATE.

### 8 Div. 146.

Court of Appeals of Alabama.

Nov. 4, 1941.

Rehearing Denied Nov. 18, 1941.

William · Stell, of Russellville, for appellants.

Thos. S. Lawson, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

 The interest or bias of a witness in the cause may always be shown as affecting the credibility of his testimony. There was no error in permitting the solicitor to prove upon cross-examination of defendant's witness, Jackson, one of the alleged participants of the dice game, that he also had been arrested and charged with the offense. This was within the legitimate scope of cross-examination and tended to show the interest of the witness. Such character of proof has had the sanction of our courts. McCormack v. State, 133 Ala. 202, 32 So. 268; Titus v. State, 117 Ala. 16, 23 So. 77; Ex parte State, 199 Ala. 255, 74 So. 366; McAdams v. State, 21 Ala.App. 193, 106 So. 622.

 Moreover, the latitude of cross-examination rests largely within the sound discretion of the trial court and that court will not be reversed, except in an extreme case of abuse of this discretion, for permitting the cross-examination of a witness even on irrelevant and immaterial matters to test his interest, credibility, sincerity and accuracy of memory. Ex parte State, 199 Ala. 255, 256, 74 So. 366; Sowell v. State, Ala.App., 199 So. 900.[1] We observe no abuse of discretion on the part of the trial court in the conduct of the cross-examination aforesaid.

 Nor was the defendant substantially prejudiced by the rebuttal testimony of State's witness Bates who sought to explain what he meant, on cross-examination, by saying, "I would not think so," to the question of defendant's counsel, "These boys were sitting out there whiling away their time. They were not gaming?" It is axiomatic that a witness may, in the discretion of the trial court, be permitted to explain upon rebuttal his testimony given upon cross-examination.

█ Nor do we perceive error in the solicitor's following interrogation, "Mr. Bates, were the men shooting dice?", and in the affirmative answer given by the witness. Undoubtedly, a witness may not testify to the legal effect of a transaction. The term "shooting dice", however, is of such general and common use in describing the act of "playing dice", "shooting craps", "throwing dice", or "rolling dice"—the act the basis of the prosecution—that we fail to appraise a more proper way of describing the transaction. If there is a distinction between the terms, supra, it is that of tweedle-dum and dee. Insistence of error in

---

[1] Ante, p. 18.

this regard by learned counsel is likewise without merit.

Discovering no error, the judgment is ordered affirmed.

Affirmed.