The defendant was indicted and convicted for theft of property in the second degree. Alabama Code Section 13A-8-4 (a) (1975). Sentence was five years' imprisonment. The only issue raised on appeal concerns a violation at the trial judge's favorable ruling on the defendant's motion in limine.
Mrs. Lilly Henderson was working at Colony Warehouse in Muscle Shoals on June 10, 1982. She testified that the defendant came in the store "with another woman and two other fellows" and they were all trying on clothes. She observed the defendant take her purse from underneath the cash register. The defendant then told the others to "come on". Mrs. Henderson testified that "(t)he ones that had things in their hands just threw them up in the air and ran out the door" with the defendant.
After a jury had been selected but prior to any witness testifying, defense counsel filed a motion in limine to prevent Mrs. Henderson from using the term "shoplifting" in describing the activities of the defendant *Page 757 
and her companions in the store. The trial judge granted the motion and thoroughly and patiently explained to Mrs. Henderson that she could only testify to what she actually observed and could not say that the group was shoplifting or attempting to shoplift "because that's a legal conclusion" and because "it's not legal testimony to testify to what somebody else is thinking."
When Mrs. Henderson was called as a witness at trial and during her testimony on direct examination the alleged error occurred:
 "Q. All right and would you tell the Court and the Jury, please ma'am, what you observed them do during the period of time that they were there?
 "A. O.K. They were — they were picking up clothes to try on and they were trying to shoplift.
 "MR. HOVATOR (Defense Counsel): I object and move for a mistrial, Your Honor."
The trial judge sustained the objection and immediately and thoroughly instructed the jury to completely disregard the witness's last answer.
Out of the jury's presence, the trial judge stated that he thought that he had "made it perfectly clear to the jury that they cannot consider that." Defense counsel declined the trial judge's offer for additional instructions.
The availability and utility of the motion in limine practice in this state were recognized in Acklin v. Bramm,374 So.2d 1348, 1349 (Ala. 1979).
The witness's use of the term "shoplifting" in violation of the order and instructions of the trial judge did not automatically entitle the defendant to the declaration of a mistrial. See Lynn v. State, 250 Ala. 384, 386, 34 So.2d 602
(1948). A violation of the exclusionary ruling granting a motion in limine does not always or automatically result in ineradicable prejudice to the accused and error requiring a mistrial. Factors which must be considered are the likelihood of prejudice resulting from the violation and whether or not the trial court gave any "curative" instructions. Annot. 63 A.L.R.3d 311 (1975).
We fail to see how the use of the term "shoplifting" necessitates a mistrial in this particular case. While a witness may not testify to the legal effect of a transaction,Raper v. State, 30 Ala. App. 302, 303, 4 So.2d 657 (1941), we fail to apprehend the prejudice created by this remark when the witness further testified to exactly and only what she saw and observed. Davis v. State, 352 So.2d 3, 7 (Ala.Cr.App.), cert. denied, Ex parte Davis, 352 So.2d 8 (Ala. 1977); Wade v. State,349 So.2d 141, 147-48 (Ala.Crim.App. 1977).
The situation here is substantially identical to that present in Richardson v. State, 374 So.2d 433, 435 (Ala.Cr.App. 1979), where we held that "(i)f the trial judge acts promptly to impress on the jury that improper statements are not to be considered by them in their deliberation, the prejudicial effect of the remarks is removed." We conclude that the trial court committed no error in denying the defendant's motion for a mistrial.
Besides the motion for a mistrial, the defendant raised this issue in her motion for a new trial. In support thereof she filed the sworn affidavit of Christine Gaisser who served on the jury.
In the affidavit, juror Gaisser stated that another juror stated that based on his experience in working in a retail department store, he "felt Ms. Henderson knew to watch them for shoplifting." Gaisser stated that she was not sure whether the juror used the term "shoplift" but his discussion implied that.
Based on this affidavit, the defendant asserts that Ms. Henderson's statement at trial was not cured by the instructions of the trial court and consequently his motion for a new trial should have been granted. We disagree.
Ms. Henderson testified that she had worked at the store for seven years and gave a detailed statement of what she actually observed. Her account of the defendant's *Page 758 
actions in concealing the merchandise and leaving the store without paying admit only one reasonable conclusion — that the defendant was stealing or shoplifting.
Juror Gaisser's affidavit does not supply the necessary basis for this Court to conclude that the unidentified juror's statement was a direct consequence of Ms. Henderson's reference to "shoplifting". Additionally, we note that public policy forbids the disclosure of deliberations in the jury room. The verdict of the jury cannot be impeached by the affidavits of jurors as to what transpired among them while deliberating.Harris v. State, 241 Ala. 240, 243, 2 So.2d 431 (1941); Law v.State, 407 So.2d 572, 574 (Ala.Cr.App. 1981).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.